[No. 4485.]

CUENIN ET AL. v. HALBOUER ET AL.

1. Ejectment—Pleading—New Matter — General Issue — Judgment on the Pleading.

In an action for the recovery of possession of real property under chapter 23 of the civil code an answer alleging substantially that the only title which plaintiffs have in the property sought to be recovered resulted from certain tax sales and deeds, and that the sales and deeds are void because the taxes assessed upon the property for which the sales were made exceeded the limit of the rate of taxation prescribed by the constitution and laws of the state, did not allege any new matter which required a replication by plaintiff, but alleged only facts probative in nature, which, if admissible at all, were admissible under the general denial, and it was error to enter judgment for defendant upon the pleadings because of a failure by plaintiff to reply to said answer.

2. Practice—Pleading—Evidence.

A party may not, by his pleading, set up a certain state of facts which are improper as a pleading, and have the court, either upon his own motion or upon an attack by his adversary, determine their effect as evidence.

3. Limitation—Pleading—Practice.

The statute of limitation must be specially pleaded, either by way of demurrer, answer or replication.

*Appeal from the District Court of Mesa County.*

Mr. S. G. McMullin, Mr. G. V. Sternberg, Mr. S. D. Crump and Mr. Chas. R. Brock, for appellants.

Mr. J. S. Carnahan, for appellees.

Chief Justice Campbell delivered the opinion of the court.

The complaint in this action, which was brought under chapter 23 of the civil code for the recovery of possession of real property, is in the ordinary form. The answer sets up several defenses, the first defense being a general denial, the third alleging substantially that the only title which the plaintiffs have in the property, for which recovery is sought, resulted from certain tax sales, culminating in tax deeds, but that the sales and deeds are void in that the taxes assessed and levied upon the property for which the sales were made and deeds given exceeded the rate, or limit, of taxation prescribed by the constitution and laws of the state then in force.

A motion was made by plaintiffs to strike this defense from the answer upon the ground that it was irrelevant, redundant and immaterial. The motion was overruled, whereupon a demurrer thereto was interposed on the ground that the facts therein stated are not sufficient to constitute a defense. This demurrer was overruled and time given to plaintiffs to reply to the alleged new matter therein, but plaintiffs electing to stand by their motion and demurrer, and declining to file a replication, the court, on a motion by defendants for judgment on the pleadings, entered judgment granting said motion, and dismissed the action.

A number of errors have been assigned, but in

the view we take of the case most of them will not
be considered.

1.  By analogy to the rule which in this state
applies to special demurrers, possibly the motion to
strike was properly overruled, even if the subject-
matter of the defense was improperly pleaded, be-
cause of the failure of plaintiffs to specify in their
motion the grounds of the alleged immateriality. It
has also been held by some courts that if a plead-
ing, or portions thereof, contain irrelevant, redundant
or immaterial matter, or facts that are purely evi-
dentiary, the failure of the trial court to eliminate
them from the pleading is not ground for a reversal
by an appellate court, if it can be clearly seen that
the rights of the moving party have not been preju-
diced.—Bliss on Code Pleading (3 ed.) § 423, note
173.

Be that as it may, the error assigned to this rul-
ing will not be passed upon, because plaintiffs' rights,
if any they have, are saved by errors assigned to the
ruling upon the motion for judgment upon the plead-
ings, which is the important question on this review.

2.  At the common law, in an action of eject-
ment, the general issue was the only plea allowed,
and thereunder the defendant, in order to defeat the
plaintiff's title, might show title in himself, outstand-
ing title in a third person, or any defect that goes to
impeach or overthrow the title of the plaintiff. Under
section 268 of the civil code, the answer to a com-
plaint filed under chapter 23 shall either specifically
or generally deny the allegations of the complaint
or disclaim any interest in the property. It may also
state generally the character of the estate which the
defendant claims, and under section 56 of chapter 4,
if the same, as contended by defendants, be applica-
ble to actions for the recovery of possession of real
property, as well as to other civil actions, the answer

may contain a statement of any new matter. constituting a defense to the action set up in the complaint. But under no rule of pleading can it be said that the matters set up in the third defense of this answer are new matters which require a replication. Considered in the light most favorable to defendants, the facts alleged therein are only probative in nature, tending, if true, to show the defects of plaintiffs' title, and if admissible at all, are so under the general denial.

In *Mott v. Baxter*, 29 Colo. 418, which was an action for the recovery of wages, the principle laid down, though directly considered with reference to the burden of proof, is equally applicable to a question of pleading. It was there said that a statement of facts by way of a defense which are really inconsistent with those stated by plaintiff is in reality a denial. It is not new matter; citing Bliss on Code Pleading (2 ed.) section 333. It is clear that the third defense is, in legal effect, nothing but a denial. It was error, therefore, upon the part of the trial court to give judgment upon the pleadings in favor of the defendants for a failure of plaintiffs to reply thereto. Plaintiffs were entitled to have the questions of fact raised by the pleadings submitted to the jury. Pleading them as new matter does not make them so, and defendants may not thus impose upon plaintiffs the duty to reply under penalty of having the facts taken as true.—*Sullivan v. Collins,* 20 Colo. 528.

3. It will be observed that we disregard the assignment to the ruling upon the demurrer. If we enter upon that inquiry we must necessarily assume that the facts therein pleaded are new matter and properly pleaded as such. But since we have determined that these facts are not new matter, it would be manifestly improper to express an opinion as to their sufficiency or insufficiency as a defense to plaintiff's cause of action. A party may not, by his pleading, set

up a certain state of facts which are improper as a pleading, and have a court, either upon his own motion, or upon an attack by his adversary, determine their effect as evidence. It is time enough to pass upon that question when the facts are properly before the court as evidence.

4. In overruling defendants' demurrer to this defense, the trial court gave as a reason therefor that the statute of limitations, section 3904 Mills' Ann. Stats., does not begin to run in favor of a tax deed so long as the purchaser at the tax sale takes no steps to secure possession under it; and if the purchaser leaves the owner in undisputed, exclusive and actual possession, the latter may, without limit as to time, question the validity of a tax deed in an action brought by the purchaser to be put into possession. Because of this opinion, appellants ask this court to determine whether or not a purchaser at a tax sale may invoke the statute of limitations in his behalf if he fails to take possession of the premises under his deed.

We do not know what occurred at the trial below except as the proceedings are preserved in the record. From this record we are unable to discover upon what facts the alleged finding with reference to the possession of the property was based. Indeed, we think it would not be possible therefrom to say whether the purchaser of the tax deed took and maintained possession, or whether the original owner uninterruptedly retained such possession. For that reason, and because to do so would be to assume that the facts pleaded constituted new matter, we decline to enter upon an investigation of the legal question propounded.

5. Another question argued by counsel is whether or not a tax deed valid on its face, but void because of some defect touching the jurisdiction and power of

the taxing officers to assess and levy the tax, sets running the statute of limitations. We decline also to enter upon an investigation of this question for obvious reasons. The appellants are not in a position to ask for a decision upon it because of their insistence upon the assignment of error directed to the ruling of the trial court that the third defense was properly pleaded, which we have just held to be erroneous. Whether, upon a trial, such facts would be established, we cannot anticipate, and it would be obviously improper for the court to give a decision upon an assumed state of facts that might never be disclosed at the trial, and appellants certainly are the last ones to admit the existence of the facts as pleaded.

Neither are appellees in a position to ask such determination, for they have, as we have determined, improperly attempted to make for the plaintiffs a case which the latter should be permitted to make for themselves. Besides, in this state, the statute of limitations must be specially pleaded, either by way of demurrer, answer or replication, and we find no such plea in the record. The decisions of the courts of the different states are not harmonious, and there has been no decision by this court on the precise point raised. Until all the facts attending the possession of the premises, as well as the facts upon the alleged invalidity of the tax deeds are before the court, and the pleadings call for it, it would not be good practice, but rather a useless expenditure of time and labor, to make announcement of legal principles which might be inapplicable to the pleadings as ultimately framed, and to the facts as found upon a trial of the issues in the ordinary way.

The judgment is reversed and the cause remanded for a new trial.

*Reversed.*