No. 10,308.

## BOOK *v.* BOOK.

Decided June 5, 1922.   Rehearing denied July 3, 1922.

Action to quiet title.   Judgment for plaintiff.

*Reversed.*

*On Application for Supersedeas.*

1.  APPEAL AND ERROR—*Fact Findings—Presumption.* Where no specific findings are made by a trial court, the court of review will not presume the determination of a fact contrary to the weight of the evidence.

2.  DEEDS—*Present—Escrow.* A deed placed in the hands of a third person to be delivered to the grantee on payment of the purchase price, is not a present deed, but one in escrow and passes no title until performance of the condition.

3.      *Title.* An instrument which may never convey title, although known to exist by a subsequent grantee taking for value, in good faith, without fraud, cannot prevent the subsequent deed from becoming effective.

4.      *Title—Conveyance.* One who executes a deed and places it in the hands of a third party for delivery on payment of the purchase price, does not thereby part with his title, and a subsequent deed executed and delivered before the performance of the escrow condition, passes the title.

5.      *Not Set Aside for Trivial Reasons.* If a deed is made by one seized in fee and having a perfect right to convey, other persons cannot question its efficacy in giving title to the grantee, except upon the ground that they are creditors of, or bona fide purchasers from the grantor, or are holders under such purchasers or have authority from them.

6.  REAL PROPERTY—*Quieting Title—Possession.* One not in possession of real estate may not maintain an action to quiet title thereto.

7.  RULES—*Supreme Court—Rehearings.* Rule 47 of the Supreme Court concerning petitions for rehearings, discussed.

*Error to the District Court of Prowers County, Hon. A. F. Hollenbeck, Judge.*

Messrs. GOODALE & HORN, Messrs. ROGERS, JOHNSON & FULLER, for plaintiff in error.

Messrs. HILLYER & KINKAID, for defendant in error.

*En banc.*

MR. JUSTICE TELLER delivered the opinion of the court.

DEFENDANT in error brought suit against plaintiff in error, and her father, James A. Goodwin, to quiet title to land of which he claimed to be the owner in possession. Defendant Goodwin disclaimed. The other defendant, the plaintiff in error, denied plaintiff's ownership and possession, and set up that the land had been entered under the United States Homestead Act by her brother, who died before he had fully complied with said law, under which, when the entry had been perfected after his death, title would vest in the said James A. Goodwin, as sole heir of said entryman; that on the death of her said brother her father agreed with her that she should take possession of the said land, and perform such acts as were required to perfect said entry, and make the necessary proof thereof before the government land office; that he would, upon obtaining title to said land, convey the same to her; and that under said agreement she took possession of the land, fenced and cultivated a portion of it, and at her sole expense made proof, upon which a patent issued to her father, as such heir. By cross-complaint she alleged that since the taking of possession as aforesaid, she had been in full actual and notorious possession of said land, and that in the meantime her father had conveyed the same to her by deed, which was duly recorded on October 4, 1920. She prayed that title be quieted in her.

The court made no specific findings, but found generally for the plaintiff, and adjudged that title was in him.

From the record it appears that under date of September

11, 1919, said James Goodwin executed a deed to the defendant in error, Roy Book, and placed the same in the bank at Lamar, to be delivered on the payment of $1200, the purchase price of said land, and upon the further condition that the grantee, by appropriate proceedings, establish the right of said grantor to the land as heir of the entryman.

Twelve days after the recording of the deed to the plaintiff in error, the deed which had been held by the bank was, by the consent of the grantor, delivered to the grantee. The plaintiff in the action admitted on the trial that he was never in possession of the land in litigation.

The court having made no specific findings we are unable to determine upon what ground he found for the plaintiff. The evidence in support of the allegation of the oral contract between plaintiff in error and her father is direct, and for the most part undisputed. There is no positive and credible evidence to the contrary. It is not disputed that Goodwin—who lived in Kansas,—was in this state, and with his son—the entryman—at the time of the latter's death in January 1916; that his daughter, the plaintiff in error, was there also; that she paid her father for a small building on the land in controversy,—took possession of it in April 1916, fenced, and cultivated a part of it during the following years, and made the required proof in the United States Land Office, on which a patent issued to her father, who later deeded the land to her.

Both she and her husband testified to the making of the oral agreement, and her brother testified that her father said in his presence that he had agreed to deed the land to plaintiff in error if she would perfect the entry and make the necessary proof. Goodwin did not deny this testimony of his son. He admitted that his daughter made the proof, and that he deeded the land to her. As to the making of the oral agreement his testimony is evasive. Twice in response to a question as to the agreement he said "I didn't tell her nothing." In answer to a question as to what conversation he had with her regarding the land, he said, "I

don't remember anything about it." His subsequent de-
nial that he had made an agreement with her concerning
the land is so qualified by his statement that he remem-
bered nothing about it, that it cannot be deemed a positive
denial of the agreement, especially in view of his having
deeded the land to her. In this state of the evidence we
cannot presume that the court found for the plaintiff on
this question.

For the defendant in error it is contended that the deed
to him was in fact a present deed, in that, as it is alleged,
it was to be delivered on an event certain, and therefore
not within the rule which ordinarily applies to escrow
agreements. We cannot agree with this contention. The
deed was held upon conditions which might, or might not,
be performed. It cannot be said, then, that the deed was
deposited for delivery upon an event certain to happen.
Neither the payment of the balance of the purchase price,
nor the decision in favor of the grantor's right to the land
as heir, was a matter of certainty.

Defendant in error contends, further, that knowledge on
the part of plaintiff in error that her father had made the
deed left with the bank rendered the deed to her void. No
authorities to that effect are quoted, and we know of no
rule which, under the circumstances of this case, would
thus render her deed void.

The contention is based upon the proposition that the
deposited deed conveyed title, which is not the fact. An in-
strument which may never convey title, although known to
exist by a subsequent grantee, taking for value and in good
faith, cannot have the effect of preventing such deed from
taking effect.

When the deed to the daughter was made, the grantor
had full title, both legal and equitable, and it passed by his
conveyance to her. *Wolcott v. Johns,* 7 Colo. App. 360, 44
Pac. 675; *Galvin v. Stokes,* 68 Colo. 376, 191 Pac. 117.

Speaking of a deed delivered to a third person, the court
in *Foster v. Mansfield,* 3 Metcalf, 412, 37 Am. Dec. 154,
said:

"Where the future delivery is to depend upon the payment of money, or the performance of some other condition, it will be deemed an escrow. Where it is merely to await the lapse of time, or the happening of some contingency, and not the performance of any condition, it will be deemed the grantor's deed presently."

No charge is made that plaintiff in error's deed was obtained by fraud, and the only ground upon which it appears the court could have set it aside must have been that it was void because of defendant's knowledge of the escrow agreement.

Deeds will not be set aside for light or trivial reasons.

"If a deed is made by one seized in fee and having a perfect right to convey, other persons cannot question its efficacy in giving title to the grantee, except upon the ground that they are creditors of, or bona fide purchasers from the grantor, or are holders under such purchasers or have authority from them." 18 C. J. 244.

It does not appear that there was any contract between defendant in error and Goodwin except the escrow agreement. He was not, under the authorities, a purchaser, and had no right, therefore, to question the title of plaintiff in error. She, having acquired title in accordance with the contract, which she had fully performed, was entitled, under her cross-complaint, to have title quieted in her. In any event, the plaintiff, not having been in possession of the land, could not maintain the suit.

The judgment is reversed and the cause remanded for further proceedings in harmony with the views herein expressed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE CAMPBELL not participating.

*On Application for Rehearing.*

Application for Rehearing stricken from the files for violation of Rule 47. Rehearing Denied.

PER CURIAM:

The application for a rehearing in this case covers over twenty pages, containing citations from opinions, recital of evidence, and argument against the conclusions announced by this court. It violates the rule promulgated in December last, which prohibits reargument on application for rehearing.

The application is stricken from the files under said rule, and that action is taken the more readily because we find in the argument nothing new, or which in any way calls for a rehearing.

It appears that there has been, on the part of some members of the bar, a misunderstanding of this rule. It is, in substance, the same as the rule which has been in effect in Illinois for many years. In adopting the rule we subscribed to the statement made by the Illinois court in *Chicago City Ry. Co. v. O'Donnell*, 208 Ill. at page 281, 70 N. E. 477, where it is said:

"A rehearing may be had in this court when any material fact has been overlooked or misapprehended or where the court has failed to determine some proposition of law that is of controlling importance in the cause, and the only legitimate office of the petition for rehearing is to show, by a terse and accurate statement, the court's inadvertence, with reference to such portions of the brief or abstract as will sustain petitioner's position. * * * Helpful arguments, both oral and printed, are welcomed by this court. It is our earnest desire that a litigant should avail himself to the fullest extent of his right to argue, orally and otherwise, his cause in this forum. The proper time to argue, however, is at the time of submission, and when a case has been fully argued, has received careful consideration and been decided, a reargument in a petition for a rehearing can serve no useful purpose. All that is proper in that respect is a reference to that portion of the brief and argument which petitioner conceives will show the error of the court."

This rule does not, as some have supposed, prohibit the citation of authorities, or a reference to those cited in the

briefs; but it does aim to prevent the reargument of questions on which the court has passed.  To refer the court to a specific matter, deemed necessary for consideration, is much more likely to produce the desired result than is an extended reargument in which such matter is included.

As has been pointed out in another Illinois case, the allowance of reargument on application for rehearing tends to induce less thorough argument in the first instance, and less consideration on the part of the court.