## No. 10,263.

### MASON TIRE SALES CO. v. MASON TIRE & RUBBER CO.

Decided February 5, 1923.    Petition for rehearing stricken March 5, 1923.

Action in replevin. Judgment for plaintiff.

*Affirmed.*

1. PLEADING—*New Matter.* New matter must be pleaded if relied upon as a defense.

2. REPLEVIN—*Pleading—General Denial.* Under a general denial in replevin a defendant may show absolute title in himself, or a third party, but not a special property. This must be pleaded if relied upon.

3. CONTRACT—*Breach—Remedy.* If a party is damaged by a breach of contract of employment, he has a remedy in an appropriate proceeding, but such questions cannot be adjudicated in a replevin action.

4. APPELLATE PRACTICE—*Rehearings.* Petition for rehearing stricken from the files for violation of rule 47 of the Supreme Court.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Mr. JAMES E. GARRIGUES, Mr. L. J. STARK, Mr. OTTO BOCK, Messrs. DUBBS & VIDAL, for plaintiff in error.

Messrs. PERSHING, NYE, FRY & TALLMADGE, Mr. LEWIS A. DICK, for defendant in error.

*En banc.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

THE action was replevin, instituted by the defendant in error against the plaintiff in error, to recover possession of several thousand automobile tires and tubes. The parties will be designated as in the lower court. The complaint was in the usual form of replevin, and alleged the value of the property to be one hundred thousand dollars. The answer claimed a return of the property and alleged the value to be in excess of one hundred thousand dollars "and denied each and every other allegation of the complaint."

The record shows that two days before filing the complaint the plaintiff attempted to remove and take possession of the property, but was prevented from doing so by the physical resistance of the defendant. It further shows that the defendant was the sales agent of the plaintiff for the goods in controversy, at Denver and surrounding territory, by virtue of a written contract which, over plaintiff's objection, was received in evidence on behalf of the defendant, for the purpose of establishing the special interest of the defendant in the goods, and that it was entitled to the possession. The contract also shows that no title to the goods ever passed from the plaintiff to the defendant, which in substance recites that the plaintiff employed the defendant as its alleged agent, to sell its tires and tubes in the name of the plaintiff only, and that all shipments from plaintiff to defendant should be billed to the plaintiff in care of defendant and held on consignment, and that all goods and the proceeds from the sales thereof should remain the property of the plaintiff, and that the funds from such sales should be deposited in a bank in the name and to the credit of the plaintiff, subject

to plaintiff's check, and also provided that the defendant, as custodian of the goods, on the termination of the contract for any reason whatever, should turn over the property to the plaintiff.

While the general ownership of the tubes and tires was not controverted on the trial, the court, over the objection of the plaintiff, permitted defendant, under its general denial, to introduce evidence tending to show a special interest in the property.

When the defendant rested, the court refused plaintiff a directed verdict, and submitted, for the determination of the jury, the defendant's claim of a special interest in, and its right to the custody and possession of the property and the value of its special interest therein.

The verdict of the jury was as follows:

"We the jury, find the issues herein joined for the defendant, that it had at the commencement of the action, and now has a special ownership or interest in the property in controversy entitling it to the possession, and that it is entitled to a return thereof; that a return cannot be had, and that the value of its special interest in the property is none; that the damages for the unlawful detention is none."

The defendant moved the court for judgment notwithstanding the verdict for the value of the goods ($100,000), as alleged in the complaint, and in the event its motion for judgment for $100,000 should be denied, it prayed the court to grant a new trial, limiting the trial to a determination of the value only of the goods replevied. At the same time the plaintiff filed its motion praying for judgment in its favor, notwithstanding the verdict. The court denied the motions of the defendant and entered judgment for the plaintiff. The defendant is here on error.

We think the judgment should not be disturbed. The court should have directed a verdict for plaintiff when the defendant rested its case. The defense was a general denial. When it was made to appear upon the trial that the plaintiff was the general owner of the tires and tubes,

the general denial was overthrown, and the burden was then shifted to the defendant to show something new, by way of a special interest, and this was not disclosed or pleaded in its answer. The rule is elementary that new matter must be pleaded if relied on as a defense. "A special property interest cannot be shown under a general denial. Under a general denial in replevin, a defendant may show absolute title in himself, or a third party, but not a special property. This must be pleaded if relied on. Where a defendant sets up a special agreement as a defense, the plea must set out the terms of the agreement with certainty and precision. Otherwise, the plea will be held bad." Cobbey on Replevin, section 779.

Moreover, the contract, which was received in evidence and which was relied on by defendant as showing a special interest entitling it to possession, made it the imperative duty of the court to direct a verdict and enter judgment for the plaintiff. It expressly provided that the goods shall at all times be and remain the property of the plaintiff, and that "at the termination of the contract for any reason whatever, said second party (defendant), as custodian, shall account for and turn over to first party (plaintiff) all goods as covered by this contract shipped to the second party (defendant) and remaining unsold." If the termination of the contract of employment by the plaintiff was violative of any right of defendant, it has its remedy in a proper proceeding, but such questions could not be adjudicated in the replevin action. Judgment affirmed.

MR. JUSTICE SHEAFOR and MR. JUSTICE CAMPBELL not participating.

### On Petition for Rehearing.

Application for rehearing stricken from the files for violation of Rule 47 of this court. *Book v. Book,* 71 Colo. 502, 208 Pac. 474.