No. 10,729.

DAVIS *v.* BRINKHOUSE HOTEL CO.

Decided November 5, 1923.

Action in replevin. Judgment for defendant.

*Affirmed.*

*On Application for Supersedeas.*

1. REPLEVIN—*Damages—Possession.* A question of damages cannot be determined in a replevin action, the only question being the right of possession of the goods in question.

2. WAIVER—*Estoppel—Intention.* Waiver, unlike estoppel, is always a matter of intention. It may result from an express agreement, or be inferred from circumstances which indicate an intent to waive.

3. LIEN—*Hotel Keepers—Waiver.* The acceptance, by a hotel keeper, of rent for a specified period, indicates no intent to waive an existing lien for accrued rent.

*Error to the County Court of the City and County of Denver, Hon. G. A. Luxford, Judge.*

Mr. CARL H. COCHRAN, for plaintiff in error.

Messrs. QUIAT & GINSBERG, for defendant in error.

*Department One.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

PLAINTIFF in error brought an action in replevin to recover personal property in the possession of the defend-

ant under a claim of a lien for room rent. The trial court found for the defendant, and the plaintiff brings error, and asks that the writ be made a supersedeas.

From the record it appears that, in October of last year, the manager of the hotel demanded of the plaintiff that he settle an account for room rent, and that the latter gave the manager a check for a month's room rent, and marked on the check "Oct. rent." Plaintiff in error contends that the acceptance of the check, with the memorandum thereon, amounted to a waiver of the lien for the balance of the account, and that the seizure of the goods was therefore unauthorized. He also claims that he was, in any event, entitled to the room for October, and that he should be reimbursed for his expenditures for room rent elsewhere during that month. It is clear that the question of damages thus presented cannot be determined in this action. The only question before the trial court was the right of possession of the goods in question.

Waiver, unlike estoppel, is always a matter of intention. It may result from an express agreement, or it may be inferred from circumstances which indicate an intent to waive.

In this case the acceptance of rent for the month of October indicates no intent to waive an existing lien for accrued rent.

It appears from the record that the circumstances in evidence satisfied the trial court that no waiver of lien was intended, and we think that conclusion was fully justified by the evidence. There is, therefore, no reason for disturbing the judgment, and it is accordingly affirmed.

MR. JUSTICE BURKE and MR. JUSTICE SHEAFOR concur.