No. 10,739.

MATONOCK *v.* SPEER.

Decided April 7, 1924.

Action for possession of real estate and damages. Demurrer to complaint sustained.

*Reversed.*

1. PLEADING—*Complaint—Possession and Damages.* Complaint in an action for possession of real estate and damages, reviewed and held to state a cause of action.

2. *Complaint.* Portions of a complaint which plead evidential matters, or anticipate defenses, should be stricken.

3. *Evidence.* A party may not, by his pleading, set up a certain state of facts which are improper as a pleading, and have a court, either upon his own motion, or upon an attack by his adversary, determine their effect as evidence.

4. APPELLATE PRACTICE—*Costs.* Where errors brought about by a plaintiff in error necessitate the reversal of a case, he will not be awarded costs.

*Error to the District Court of Pueblo County, Hon. James A. Park, Judge.*

Mr. M. J. GALLIGAN, for plaintiff in error.

Mr. JOHN H. VOORHEES, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

A GENERAL demurrer to the plaintiff's amended complaint was sustained. She elected to stand on the complaint and brings the case here for review.

The complaint was as follows:

"The plaintiff above named complains of the defendant, and for Amended Complaint herein, for cause of action, complains of the defendant, and alleges:

"That on or about November 24th, 1905, Paul Matonock

was the owner in fee of the following described real estate, and while such owner the said Paul Matonock sold and by good and sufficient warranty deed conveyed to said plaintiff, said Ella Matonock, the North half of the Northwest Quarter of Section Thirty-one, in Township twenty-four S. of Range 67 W. and on or about said November 24th, 1905, by reason of the premises aforesaid said Ella Matonock became and was on or about said date the owner in fee of said real estate, which said deed was recorded December 16th, 1905, in Book 301 at page 460 in the office of the county clerk and recorder of said Pueblo county.

"That afterwards, on or about November second, 1906, and while said Ella Matonock was the owner in fee of said real estate, she sold and by good and sufficient warranty deed Paul Matonock and Ella Matonock conveyed to Annetta R. Moody that portion of the Northwest Quarter of Section Thirty-one in Township Twenty-four South, of Range Sixty-seven West, described as follows: Beginning at a point on the South boundary of Main Street (meaning Main Street in the town of Rye), and 743 feet West from the Northeast Corner of Block One of the town of Rye, Colorado, thence south (variation fourteen degrees, five minutes East), three hundred and forty-nine feet to a point: Thence West four and five-tenths feet to a point: Thence south one hundred and sixty-nine feet to a point on the South Boundary of the North Half of the Northwest Quarter of said Section Thirty-one; Thence West along said South Boundary five hundred and ninety-two feet to the centre of the Northwest Quarter of said Section thirty-one; Thence South One hundred and thirty feet to a point; Thence West thirty feet to a point sixteen and one-half feet North of the centre of Greenhorn Creek; Thence South Thirty-three feet to a point on the South side of the Greenhorn Creek sixteen and one-half feet from the centre of said creek; Thence meandering said Creek in a westerly direction sixteen and one-half feet on the southerly side of and sixteen and one-half feet from the

centre of said Creek five hundred and nine and five-tenths feet to a blazed Aspen or Cottonwood tree; Thence North fifty degrees and fifteen minutes West one hundred and fourteen and five-tenths feet to a point twenty-one and one-half feet East of private bridge one hundred and forty-five and seven-tenths feet South of the South boundary of the county road; Thence North thirty degrees and forty minutes East, one hundred and sixty-nine and four-tenths feet to a point on the South boundary of the county road. Thence Easterly and Northeasterly along the Southern boundary of the county road one thousand and eighty-three feet to the place of beginning, containing eight and 713/1000 acres, all in Pueblo county, Colorado.

"That said plaintiff never sold, conveyed or parted with her ownership or any interest therein, in the said real estate as hereinbefore described as having been conveyed to her by said deed from said Paul Matonock, except that as described in her said sale and conveyance to said Annetta R. Moody, hereinbefore set forth, and the said deed conveying same to said Moody was recorded in the office of the county clerk and recorder of said Pueblo county on December 1st, 1906, in Book 288 at page 586 of the records in the office of said county clerk.

*"That said plaintiff is and at all times hereinbefore mentioned was the owner in fee and entitled to the possession of the following described real estate, to-wit: A strip of land twenty-two feet wide by five hundred and seventy-two feet long, along the South line of the Northeast Quarter of the Northwest Quarter of Section Thirty-one in Township Twenty-four South, Range Sixty-seven West, in Pueblo county, in the state of Colorado, to-wit: Commencing at the West line of the Northeast Quarter of the Northwest Quarter of said Section Thirty-one, and running thence East Five Hundred and Seventy-two feet to the East line of Idylwild, (if produced south): Said strip of land lays between the South line of Idylwild and the South line of the Northeast Quarter of the Northwest*

*Quarter of said Section Thirty-one, and contains three-tenths of an acre.*

"That said strip of land twenty-two feet wide is not and was not included in the said land sold to said Moody; that there is and at all the times hereinbefore mentioned the said strip of land bounded on the north by a fence, and said fence was known, recognized and conceded to be the south boundary line of the said land so sold and conveyed to said Moody, and no distance given in said deed to said Moody came south of said fence, and the south line of said Idylwild as platted and recognized is along the north line of said strip of land, and the said plaintiff and said Moody in said deed to Moody contracted with reference to said property as it was then with said fence as the south boundary line of said land sold to Moody, the same being the north boundary line of said strip of land, as hereinbefore described, and said Moody never laid any claim to ownership of said strip, and said defendant about two years ago acknowledged plaintiff as the owner of said strip of land, and asked and sought plaintiff to sell said strip, or a part thereof to him, and alleged that he wanted to buy from plaintiff a part of said strip south of said Idylwild, to add same to the land he purchased from said Moody, and did not claim that said strip of land or any part thereof was ever conveyed by plaintiff to said Moody.

"It was the intention of the parties to that said deed to said Moody that the distances and directions set forth in said deed should govern and control over the general reference to the south boundary of the North half of the Northwest Quarter of said section Thirty-one, as the said south boundary line of said North ½ of the N. W. ¼ of said Sec. 31 had not been definitely known or determined, but the town of Rye to which reference is made in said deed to said Moody was surveyed and the lines thereof definitely determined and settled, and the points in said Rye mentioned in said deed, and distances therefrom, were intended to control over any reference to said boundary line, by reference to the south boundary line of said N.

½ of the N. W. ¼ of said Sec. 31, and the said reference to said south boundary line is repugnant to the particular description by direction and distances contained in said deed to said Moody, and under all the surrounding facts the said description by directions and distances was and is the most definite and certain, and the said fence was at all times accepted as the south boundary line of said land so conveyed to said Moody, as aforesaid, and the said Moody, the said defendant and said plaintiff acquiesced in said fence being said boundary line as aforesaid.   At the time of said conveyance to said Moody the Northeast Corner of Block One of the said town of Rye was definitely settled and known to all said parties to said deed to said Moody, and to that corner the land conveyed in said deed to said Moody was tied, and the description therefrom by directions and distances in said deed was controlling over said reference to said boundary line, and so understood and acquiesced in, and the said Moody got the acreage mentioned in said deed, excluding said strip of land.

"That in said deed from said plaintiff and Paul Matonock to said Moody the land therein described, exclusive of said strip of land twenty-two feet wide, is 8.713 acres.

"That said plaintiff is informed and believes, and on information and belief alleges, that the pretended claim of defendant to said strip comes through said conveyance to said Moody, and through plaintiff in the said conveyance said deed to said Moody, and not otherwise, and that plaintiff was the source from which said Moody got title to the said land described in said deed to said Moody.

"*That the defendant, J. M. Speer, wrongfully ousted plaintiff and wrongfully withholds the said strip of land twenty-two feet wide, as hereinbefore described, from the plaintiff to her damage in the sum of two hundred and fifty dollars ($250.00).*

"*Wherefore, the plaintiff demands judgment for the possession of said premises, said strip of land twenty-two feet wide, as hereinbefore described, and for the sum of two hundred and fifty dollars, the plaintiff's damages*

*by the withholding of the same, and for costs of suit and for general relief."*        ,

"M. J. Galligan,
Attorney for Plaintiff."

The portion of the complaint which we have italicized states a cause of action, and, under the Code 1921, section 287, is all of it that ought to have been alleged. It follows that the demurrer should have been overruled.

The remainder of the complaint is evidential matter or anticipates defenses or both, and should have been stricken out and the decision upon the legal effect of the matters so set up reserved until they appeared in evidence. "A party may not, by his pleading, set up a certain state of facts which are improper as a pleading, and have a court, either upon his own motion, or upon an attack by his adversary, determine their effect as evidence. It is time enough to pass upon that question when the facts are properly before the court as evidence." *Cuenin v. Halbouer,* 32 Colo. 51, 53-55, 74 Pac. 885, 886.

We regret that we must reverse this case for errors that were brought about by the plaintiff in error herself. For that reason we allow her no costs.

Reversed without costs and remanded.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.