ALBERT DUTTON McDADE, EXECUTOR OF THE ESTATE OF CHARLES J. REILLY, DECEASED, APPELLANT, v. MARY REILLY AND CARROL W. BROWN, RESPONDENTS.

Submitted May 15, 1925—Decided February 26, 1926.

1. A counter-claim, apart from the question of the right to possession, cannot be set up in a replevin action.
2. A court of law cannot settle matters which relate to and grow out of transactions between husband and wife, where rights are asserted which are only enforceable in a court of equity, even though one of the spouses is deceased, and one of the parties to the action is the executor of such deceased spouse.

On appeal from the Atlantic County Court of Common Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the appellant, *Cole & Cole* (*Clarence L. Cole,* of counsel).

For the respondents, *Bolte, Sooy & Gill* (*Bourgeois & Coulomb,* of counsel).

The opinion of the court was delivered by

KALISCH, J. This is an appeal from a judgment entered in the Court of Common Pleas of Atlantic county in favor of the defendants-respondents against the plaintiff-appellant, for $6,553.86. The case was tried before the court sitting without a jury. The record discloses that the plaintiff below, as executor of the estate of Charles J. Reilly, deceased, brought an action, in replevin, against the defendants below to recover a certain automobile, and certain furniture and household goods mentioned in the writ of replevin, in the possession of the widow of the plaintiff's testator. In the

amended answer of the defendants, they admit that the plaintiff's testator was the owner of a portion of the goods and chattels replevied, but that the defendant Mary Reilly was the owner of the rest of them, which included a claim of ownership of the automobile. The widow sets up, as a counter-claim to the plaintiff's action, that, in the lifetime of her husband, the plaintiff's testator, he and she were the owners by entirety of certain premises in Atlantic City, and that just prior to his death she joined with her husband in a conveyance of the premises; that at the time of making the agreement of sale of the premises her husband had received on account of himself and this defendant the sum of $2,000 as part payment of the purchase price, which sum was deposited by him in his own personal bank account, and that, subsequently, he received from the South Jersey Title and Finance Company a check in the sum of $11,107.71, being the balance due on the sale of the property, the check being made payable to her husband and herself; that at his request she endorsed the check so that the funds represented thereby could be collected, and that the same was deposited by him in his own personal bank account; and that within a day or two after the transaction her husband became ill, was not able to attend to business matters, and that the said sum of money was never divided between the parties, and that the entire proceeds were still on deposit in the personal account of her husband, although she was half owner of the premises for which the money was received. In his replication to the counter-claim the plaintiff denied the jurisdiction of the court to consider the matters set up in the counter-claim, upon these grounds—first, that they did not constitute a proper subject-matter of counter-claim to an action in replevin; secondly, that the matters set forth relate, if anything, to a trust not properly determinable in a court of law; thirdly, because the alleged trust was not in writing. There was no motion made to strike out the counter-claim, and the parties went to trial apparently on the issues presented by the pleadings. But at the close of the case there was a motion on behalf of the plaintiff that there be a judg-

ment directed in favor of the plaintiff as to the automobile, "and for the estate on the counter-claim on the ground that, under the law and the undisputed facts, there can be no recovery. There can be no recovery on the counter-claim, because it is a subject-matter that can be dealt with only in equity." It appears from the conclusions of the trial judge that he found for the plaintiff as to the ownership of the automobile, and found for the defendant by giving a judgment against the plaintiff on the counter-claim. It is quite clear that counter-claim cannot be successfully set up in a replevin action, the special function of which is to recover the possession of a specific article. The only issue properly involved is the right of possession of the article claimed, whether by reason of general or special ownership, and this was presented by defendant's answer.

The only defense set up by the defendant Mary Reilly in her answer is that she is the owner of the automobile. The only proof offered by her to substantiate her claim is, in substance, that her husband owned a Packard automobile in his lifetime, which car was kept by him in the defendant Carrol's garage, and that three weeks prior to her husband's death he gave her two keys which unlock the automobile which her husband owned; that these keys were not found or stolen by her; that she did not keep these keys in her possession before the three weeks' period alluded to, and that she did not have anything to do with the automobile prior to that time. It is manifest that this testimony fell far short of establishing either general or special ownership in her of the car. The trial judge found for the plaintiff and gave judgment accordingly. With this result we are in accord. But the insurmountable difficulty in the way of affirmance of the judgment, as rendered in this cause, lies in the fact that it is blended and interwoven with the result of a finding by the trial judge on the counter-claim, which presents a state of facts which are strictly cognizable in a court of equity, and of which a court of law cannot properly take jurisdiction. The attempt is made to settle in a court of law matters which relate to and grew out of transactions between husband

and wife. She asserts rights which are only properly enforceable in a court of equity. She attempts to recover money alleged to have been received by her husband during the marriage, which money she claims belongs to her, and that the same was appropriated by him to his own benefit. It is quite clear that she could not have maintained an action to recover the same against her husband in a court of law, but would have been compelled to resort to a court of equity for relief. The circumstances that the counter-claim is against an executor of the estate of her husband does not alter the situation. The facts under consideration are controlled by the case of *Rusling* v. *Rusling's Executors,* 47 *N. J. L.* 1, opinion by Chief Justice Beasley.

The judgment on review before us is an entity and cannot be severed, and, therefore, must be reversed in its entirety. Judgment is reversed.