AUTO SECURITY COMPANY, INCORPORATED, RESPONDENT, v. W. CHANDLER STEWART, APPELLANT.

Argued May 5, 1926—Decided November 20, 1926.

1. A garage keeper, who furnished storage, supplies, repairs, &c., for an automobile for a lessee of the automobile, cannot enforce the lien, under the Garage Keepers' Lien act (*Pamph. L.* 1915, *p.* 556), against the lessor of the automobile, entitled to possession by reason of a default, by the lessee, under the lease.
2. A counter-claim cannot be set up in an action of replevin, as the sole matters for determination in such an action are the right of possession of the chattels involved in the suit; and, if such right is found to be in the plaintiff, the pecuniary loss, if any, sustained by him by reason of its unlawful detention by the defendant.

---

On appeal from the Atlantic Common Pleas Court.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the appellant, *George A. Bourgeois* and *S. Paul Ridgway*.

For the respondent, *Cole & Cole*.

VOL. CIII. 1

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This was an action in replevin, brought to recover the possession of an automobile owned by the plaintiff, and which, it alleges in its complaint, was wrongfully detained by the defendant, a garage keeper, in violation of the plaintiff's right. The defendant answered the complaint, averring that, by the provision of our Garage Keepers' Lien act (*Pamph. L.* 1915, *p.* 556), he was entitled to retain possession of the car until certain storage charges thereon were paid, and also counter-claimed for those charges and for expenses incurred by him in hauling the car to his garage.

The undisputed facts are as follows: The plaintiff, a corporation of the State of Pennsylvania, leased this car to Benjamin Cohen and Pearl Holmes. The lease was in writing, and was executed in Philadelphia. During the running thereof, and in the latter part of October, 1921, while Cohen was driving the car, it collided with a truck traveling on the highway and was considerably damaged. The lessees of the car, Cohen and Holmes, then employed the defendant, Stewart, to haul the car to his garage and repair shop. This was done, and the car was left there by the lessees until March, 1922, at which time they defaulted in the payment of the rent due on the car, and by the terms of the lease their rights as lessees then came to an end. The plaintiff, after the default, demanded possession of the car from the defendant, Stewart, but the latter refused to release it, claiming that he had a garage keepers' lien upon it. The present suit was brought, as has been stated, for possession of the automobile, and also for damages occurring by reason of its detention. The case came on to be heard in due course, and a verdict was directed in favor of the plaintiff, so far as the right of possession of the car was concerned, the question of damages to the plaintiff for its detention being left to the determination of the jury. At the same time the court dismissed the counter-claim of the defendant. From the judgment entered on the verdict of the jury and on the dismissal of his counter-claim, the defendant has appealed.

The present case is controlled by the decision of this court in *Stern* v. *Ward*, 94 *N. J. L.* 279, the opinion in which case was adopted on review by the Court of Errors and Appeals. In that case, as in this, the plaintiff leased an automobile to a third person. The lessee, during the continuance of the lease, left it with a garage keeper for repairs. The lease in the cited case, like that in the present one, was made under the Pennsylvania statute, and the two instruments are similar in their terms. In that case, the lessee having defaulted in payments of rent, the plaintiff sued out a writ of replevin against the garage keeper to recover the possession of the automobile. The defendant refused to surrender the car, claiming that he had made repairs to the car and furnished supplies therefor to the lessee, and that, under the Garage Keepers' Lien act, he was entitled to retain possession of it until his bill was paid. The court, after pointing out that the statute gives the garage keeper a lien for storage, maintainence, keeping or repair of motor vehicles, and for supplies furnished by him, at the request or with the consent of the owner or his representative, whether such owner be a conditional vendee or a mortgagee remaining in possession, concluded that the statute did not apply in the case of a lease; that the lessee was not a representative of the owner, within the meaning of that phrase, and that, consequently, the plaintiff was entitled to judgment. It is true that in the case referred to the lien was claimed for repairs and supplies, while in the present case it is claimed for storage and for hauling the car to the garage. But that fact is immaterial, for section 1 of the statute appealed to includes storage as well as supplies and repairs as items for which a lien is given when, and only when, the service rendered or materials furnished are rendered or furnished at the request or with the consent of the owner or his representative.

The defendant further argues that, even if he did not have a lien for storage under the statute, as construed in *Stern* v. *Ward, supra,* still, he was entitled to a lien for hauling the car to his garage. We consider this claim without merit. The statute does not give to a garage keeper a

lien upon a car for the expense incurred by him in hauling it to his garage, unless that be considered a mere incident to the storing of it; and not then, as we have already stated, unless the work of hauling is done at the request or with the consent of the owner or his representative.

The defendant also argues that the court was in error in overruling his counter-claim. His contention is that he is entitled to recover from the plaintiff compensation for hauling the car to the garage and for its storage afterwards, even though he has no lien upon it for those expenses. If this matter was properly before us for determination, we should consider that the plaintiff was not liable for an indebtedness incurred by its lessees during the continuance of the lease, as it was not incurred with its consent, either express or implied. The ground, however, upon which we conclude that the action of the trial court, in dealing with the defendant's counter-claim, was proper, is that a counter-claim cannot properly be set up in an action of replevin. The sole matters for determination in such an action are the right of possession of the chattel which is involved in the suit; and, if such right of possession is found to be in the plaintiff, the pecuniary loss, if any, sustained by him by reason of the wrongful detention of the chattel by the defendant. *McDade* v. *Reilly,* 102 *N. J. L.* 268.

The judgment under review will be affirmed.