No. 13,057.

MASON ET AL. *v.* GENERAL MACHINERY AND SUPPLY COMPANY.
(11 P. [2d] 802)

Decided May 16, 1932.

Mr. Darwin T. Mason, for plaintiffs in error.

Messrs. Robinson & Robinson, for defendant in error.

*In Department.*

Mr. Justice Moore delivered the opinion of the court.

The General Machinery and Supply Company brought an action in replevin against Darwin T. Mason, Jay E. Burns and Thomas L. Robinson to recover possession of certain machinery, rent, and damages for its unlawful detention. Defendants filed a general denial and counterclaimed for damages alleged to have been sustained in repairing said machinery. A demurrer to the counterclaim was sustained without prejudice to defendants' right to bring an independent action. Plaintiff had judgment for possession and $84.50 damages for unlawful detention, to review which defendants prosecute this writ.

It is to be noted that in their counterclaim the defendants did not assert in themselves any right of possession either general or special. They merely claimed damages alleged to have been sustained in repairing the machinery involved.

A single question is here presented: May a defendant in a replevin action counterclaim for damages not involving possession or damages incident thereto?

Section 247 of the Code of Civil Procedure, Compiled Laws of 1921, provides: "In an action to recover the possession of personal property, judgment for the plaintiff may be for the possession or the value thereof, in case a delivery cannot be had, and damages for the detention. If the property has been delivered to the plaintiff, and the defendant claim a return thereof, judgment

for the defendant may be for a return of the property, or the value thereof in case a return cannot be had, and damages for taking and withholding the same." This would appear to be conclusive of the question. However, plaintiffs in error contend that sections 62 and 63 of the Code are applicable. These provide:

"62. * * * The answer of the defendant shall contain:

"First—A general or specific denial of each material allegation in the complaint intended to be controverted by the defendant.

"Second—A statement of any new matter constituting a defense, or counterclaim in ordinary and concise language, without unnecessary repetition.

"63. * * * The counterclaim mentioned in the last section, shall be one existing in favor of the defendant or plaintiff, and against a plaintiff or defendant, between whom a several judgment might be had in the action, and arising out of one of the following causes of action:

"First—A cause of action arising out of the transaction set forth in the complaint or answer, as the foundation of the plaintiff's claim or defendant's defense, or connected with the subject of the action.

"Second—In an action arising upon contract any other cause of action arising also upon contract, and existing at the commencement of the action."

Applying the elementary principle of construction that specific statutory provisions supersede general ones, section 247 is controlling and therefore a counterclaim such as here presented cannot be maintained.

Replevin is a summary action to recover possession and damages for unlawful detention of personal property. The efficacy thereof would be lessened if a counterclaim, not involving possession or damages incident thereto, could be heard and determined therein. While this question is one of first impression, our decision was forecast in *Mason Tire Sales Co. v. Tire Co.*, 73 Colo. 42, 45, 213 Pac. 117, where this language appears:

"If the termination of the contract of employment by the

plaintiff was violative of any right of defendant, it has its remedy in a proper proceeding, but such questions could not be adjudicated in the replevin action.'' And also in the case of *Davis v. Hotel Co.*, 74 Colo. 199, 219 Pac. 1074, wherein it is stated: ''He also claims that he was, in any event, entitled to the room for October and that he should be reimbursed for his expenditures for room rent elsewhere during that month. It is clear that the question of damages thus presented cannot be determined in this action. The only question before the trial court was the right of possession of the goods in question.''

This determination is in accord with the weight of authority in other jurisdictions. See *Auto Security Co. v. Stewart*, 103 N. J. L. 1, 135 Atl. 92; *McDade v. Reilly*, 102 N. J. L. 268, 132 Atl. 247; *Lee-Strauss Co. v. Kelly*, 292 Pa. 403, 141 Atl. 236; *Blair v. Johnson & Sons*, 111 Tenn. 111, 76 S. W. 912; *Linn v. Hagan's Adm'r.*, 92 S. W. 11; *Dearing Boiler Co. v. Thompson*, 156 Mich. 365, 120 N. W. 801.

Judgment affirmed.

Mr. Justice Butler, sitting for Mr. Chief Justice Adams, and Mr. Justice Burke concur.