No. 12,893.

WYMAN *v.* McCARTHY.

(26 P. [2d] 245)

Decided October 9, 1933.

Messrs. Burgess & Adams, for plaintiff in error.

Mr. FRANK DELANEY, Messrs. NOONAN & NOONAN, for defendant in error.

*In Department.*

MR. JUSTICE BUTLER delivered the opinion of the court.

IN a replevin action Jerry C. McCarthy recovered judgment against Walter Wyman for the possession of eighteen head of cattle and for $170.10 for the unlawful detention thereof. We are asked to reverse the judgment.

1. In one defense Wyman denied that McCarthy was the owner and entitled to the possession of the cattle. For a further answer and by way of counterclaim, Wyman alleged that the parties entered into an agreement in the nature of a joint adventure concerning cattle; that pursuant to the agreement, McCarthy sold all the cattle except the eighteen head involved in this action; that McCarthy sold the eighteen head to Wyman for $1,305, the purchase price to be deducted from Wyman's share of the profits of the joint adventure; and that an accounting would show that McCarthy is indebted to Wyman in the sum of $1,669.93, for which amount Wyman prayed judgment. On McCarthy's motion, the allegations were stricken from the answer. We cannot sustain Wyman's exception to the ruling. On no theory of the case did the allegations have a proper place in the pleading.

(a) Viewing the allegations as a further answer, they were improper. They did not constitute "new matter" within the meaning of section 62 of the Code of Civil Procedure. Affirmative matter requiring a special plea must be in avoidance; it is consistent with the plaintiff's cause of action, but operates to defeat it. If the matter pleaded is inconsistent with the plaintiff's claim, its only effect is to disprove it, and it is admissible in support of a denial. *Hallack-Sayre-Newton Lumber Co. v. Blake,* 4 Colo. App. 486, 36 Pac. 554. In *Cuenin v. Halbouer,* 32 Colo. 51, 74 Pac. 885, the plaintiffs alleged that they were entitled to the possession of certain real property. The answer denied that the plaintiffs were entitled to such possession. As a third defense, the defendant affirmatively pleaded facts tending to show that the deed

342

under which the plaintiff claimed title was void. We said: "But under no rule of pleading can it be said that the matters set up in the third defense of this answer are new matters which require a replication. Considered in the light most favorable to defendants, the facts alleged therein are only probative in nature, tending, if true, to show the defects of plaintiffs' title, and if admissible at all, are so under the general denial." See also *Mott v. Baxter*, 29 Colo. 418, 68 Pac. 220. In Pomeroy's Code Remedies (Fifth Ed., 1929), section 567, the law is stated in these words: "The overwhelming weight of judicial opinion has with almost complete unanimity agreed upon the principle which distinguishes denials from new matter, and determine the office and function of each. The general denial puts in issue all the material averments of the complaint or petition, and permits the defendant to prove any and all facts which tend to negative those averments or some one or more of them. Whatever fact, if proved, would not thus tend to contradict some allegation of the plaintiff's first pleading, but would tend to establish some circumstance, transaction, or conclusion of fact, not inconsistent with the truth of all those allegations, is new matter. It is said to be 'new,' because it is not embraced within the statements of fact made by the plaintiff; it exists outside of the narrative which he has given; and proving it to be true *does not disprove a single averment of fact* in the complaint or petition, but merely prevents or destroys the legal conclusion as to the plaintiff's rights and the defendant's duties which would otherwise have resulted from all those averments admitted or proved to be true. Such is the nature of the new matter which cannot be presented by means of a denial, but must be specially pleaded, so that the plaintiff may be informed of its existence and of the use to be made of it by the defendant." Evidence of the matter specially pleaded was admissible (and was admitted at the trial) under the specific denial; in fact, the allegations constituted an argumentative denial, and therefore

were redundant. They were properly stricken. *Bolton v. Missouri Pac. Ry. Co.*, 172 Mo. 92, 72 S. W. 530.

I have dealt at some length with this subject because one of the justices takes a different view of the rules of pleading, which view he expresses in a concurring opinion.

(b) The counterclaim was properly stricken. It did not arise out of the transaction set forth in the complaint, nor was it connected with the subject of the action. Code of Civil Procedure, §63; *Mason v. General Machinery & Supply Co.*, 91 Colo. 69, 11 P. (2d) 802; *Mason Tire Sales Co. v. Mason Tire & Rubber Co.*, 73 Colo. 42, 213 Pac. 117.

2. Concerning the alleged sale of the cattle by McCarthy to Wyman, Wyman testified that the sale was made, and that he was to pay the price "whenever we straightened up our books"; whereas McCarthy testified as follows: "He [Wyman] said, 'If you are going to sell them, why don't you sell them to me?' I says, 'I just as soon sell to you as anybody if you got the money to pay for them.' He says, 'I stopped when I come through Meeker and seen Ernest Oldland and made arrangements for money. If you still want to sell them I'll stop when I go back tonight and get hold of Ernest and get the money to buy them'." The purchase price was never paid.

On such conflicting evidence, the jury found the issue for McCarthy. We cannot disturb that finding.

3. But Wyman contends that even if the cattle were not bought by him, he had, by reason of the fact that there was a joint adventure, a special interest in the cattle, and therefore that McCarthy was not entitled to possession as against him. Considering, as we must, the evidence in the light most favorable to the successful party, the transaction seems to have been this: Wyman had some pasture land and wanted someone to stock it. It was agreed that McCarthy should place his cattle on the land; that Wyman should feed and take care of them;

and that when the cattle were sold, the profits, if any, should be divided equally—or, as McCarthy testified without contradiction, "If the cattle made anything, I would split the profits with him." McCarthy was to ship the cattle. He bought 755 head and placed them on the land. Practically all bore McCarthy's brand. Later McCarthy sold all the cattle, except the 18 involved in this action and 16 that were not accounted for. They were sold and shipped by him in his name, and he alone gave bills of of sale to the purchasers. All of the 18, excepting a calf, bore McCarthy's brand. There was no joint ownership of the cattle. They remained the sole property of McCarthy, and had they died through no fault of Wyman, the loss would have fallen upon McCarthy alone. He alone had the right to sell them, and the right to their possession for the purpose of sale and delivery. As to the 18 head, they were left over after the arrangement had terminated, and Wyman offered to buy them, and, if he had had the money, would have bought them from McCarthy at the price fixed by McCarthy.

▮ Replevin is a possessory action, and as McCarthy is entitled to the possession of the cattle involved in this action, the verdict and judgment in his favor are right.

As we find no error in the record, the judgment is affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE HOLLAND concur.

MR. CHIEF JUSTICE ADAMS, concurring in the conclusions.

I think the allegation in defendant Wyman's "further answer and counterclaim" (as he designates it), to the effect that plaintiff McCarthy sold the 18 head of cattle to defendant and that the latter paid for them, is an allegation of a material, substantive fact, which, if true, constituted a complete defense. If it had been proven, it would have defeated plaintiff's recovery. This

being so, it seems to me that the court struck too much from the answer in this respect. It was directly connected with the subject of the action, i. e., the right of possession.

Notwithstanding the above, the district court did not restrict defendant in his proof on the subject of such alleged sale and payment, in so far as it affected the question of right of possession. The court seems to have allowed such testimony under the general issue, but whatever theory was followed, the allowance of such testimony fully accomplished defendant's purpose. It cured the error, if any, in striking portions of the answer; it was therefore without prejudice. For these reasons, I concur in the affirmance of the judgment.