## MILTON STERN, RESPONDENT, v. FRANKLIN A. WARD ET AL., APPELLANTS.

Submitted December 8, 1919—Decided March 1, 1920.

On appeal from the Supreme Court, in which court the following memorandum was filed by Mr. Justice Trenchard:

"The plaintiff in the District Court below [the prosecutor here] sued out a writ of replevin and took possession of an automobile. The defendants put in a bond, retained possession of the car, and filed a claim of property, and in that way the matter proceeded to trial and judgment for the defendant Abram B. Lane in the District Court.

"At the trial it appeared, as will be hereinafter shown, that the plaintiff leased the automobile to the defendant Franklin A. Ward; that the defendant Lane was a garage keeper and had possession of the car on a claim for repairs and supplies which he had furnished at the request of Ward, the lessee.

"The prosecutor contends that such claim could not be asserted as a lien against the car in the circumstances of this case, and hence that the judgment was wrong.

"I am of the opinion that the prosecutor's contention is sound.

"Our Garage act (*Pamph. L.* 1915, *p.* 556) provides for a lien where the repairs or supplies are furnished 'at the request or with the consent of the owner or his representative whether such owner be a conditional vendee or a mortgagee remaining in possession or otherwise.'

"But these repairs and supplies were furnished at the request or with the consent of Ward alone and without the knowledge or consent of the plaintiff. The paper-writing under which Ward held possession of the automobile was a lease. It was in that form. It was made in Pennsylvania; the car was delivered in Pennsylvania, and was to be returned to the lessor in Pennsylvania at the end of the term or upon default under the lease. The lease itself provided expressly that it should be construed subject to and be governed by the laws of Pennsylvania. Under the law of Pennsylvania, as proved at the trial, it was in fact a lease. Ward was therefore the lessee of the car and not the owner or conditional vendee or mortgagor remaining in possession.

"The question remains, Was Ward, the lessee, the owner's representative? I think not. The lease expressly provided that no repairs should be made without the consent of the lessor first had and obtained. Moreover, it appears that in Pennsylvania the lessee under a lease quite like that now under consideration has been held to be not the representative of the owner for the purpose of creating a lien for repairs and supplies. See *Stern* v. *Sica*, 66 *Sup. Ct.* (*Pa.*) 84.

"The judgment below must be reversed and a new trial awarded."

For the respondent, *Joseph Beck Tyler.*

For the appellants, *Patrick H. Harding.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion delivered by Mr. Justice Trenchard in the Supreme Court.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 14.

*For reversal*—None.