FIRST JUDICIAL DISTRICT COURT OF UNION COUNTY.

ALBERT S. KESHEN, PLAINTIFF, v. NAT OLSAN, DEFENDANT.

Decided October 4, 1932.

For the plaintiff, *Harrison B. Johnson.*

For the defendant, *Carl Olsan.*

LA CORTE, J. In this matter plaintiff was the owner of three automobiles and owed the defendant a sum of money for supplies furnished for the operation of said automobiles. Defendant seized the three cars through a constable engaged by him and plaintiff upon requesting the amount due was given a sum which included the amount due for the supplies plus $30 being a fee of $10 for each car to the constable for seizing the said automobiles. The plaintiff paid the actual amount due for the supplies to the defendant and demanded the cars; possession was refused and this replevin suit was instituted by the plaintiff and the amount in difference, $30, together with $10 as security for the costs, was deposited with the clerk of the court and the question arises as to whether or not a garagekeeper acting under the Garagekeepers' Lien act is authorized to employ a constable for the purpose of seizing automobiles upon which he (the garagekeeper) may have a lien and may thereafter add the charges of said constable for his service to the amount due under the lien. The matter depends upon the interpretation of the said act and being a matter of law, was submitted on argument and memoranda.

1. Section one of the Garagekeepers' Lien act is mainly concerned with a statement of the cases where the garagekeeper shall be entitled to a lien. And in that respect states that the garagekeeper shall be entitled to a lien upon the motor vehicle "for the sum due for such storing, maintaining, keeping or repairing of such motor vehicles or for furnishing gasoline, accessories or other supplies therefor." This statement in the statute designates in no uncertain terms, for what the garagekeeper is entitled to a lien, but there is nothing mentioned to the effect that his lien shall include any fees to a constable or any other agent he may hire, in fact the words constable or agent are not even used in the section nor any word or words which would imply the word constable. Further the section provides that the garagekeeper "may without process of law, detain such motor vehicle." The legislative intent here is to give the garagekeeper the lien and right to detain, without having to resort to legal procedure which would require time and some expenditure. It will also be noted that by this section the garagekeeper, not his agent or constable or anyone else in his behalf but only he himself may detain the motor vehicle on which the sum is due.

2. Section 2 of the act gives the garagekeeper the right to seize such motor vehicle in these words, "the person or corporation having said lien may, without further process of law, but after demand of payment of claim either personally or by registered mail if owner's address is known, seize the motor vehicle, or part or parts thereof, wherever the same is or are found within the State of New Jersey; provided, however, that such seizure can be made without the use of force and in a peaceable manner." Here the legislature has explicitly given the right to seize such a motor vehicle to "the person or corporation having said lien." The section goes on to give the owner the right to replevy his car when seized upon complying with certain conditions and provides that the writ shall command the sheriff or any constable or sergeant-at-arms to take possession, &c., and further that the bond required be written in favor of the sheriff, constable or

sergeant-at-arms to whom the writ is directed. Then follow provisions for trial, &c. The mention of the word constable here has nothing to do with the question at issue. The constable only comes into the picture when the owner starts a replevin action. Under this section the legislative intent is that the right to seize is given to the person or corporation having the lien and the legislature having the further idea in mind of giving this right to the garagekeeper without due process of law, quite naturally would not have in mind the fees of constables as it was contemplated that the garagekeeper himself would do the seizing.

3. The third section provides for public sale where the owner does not repossess the motor vehicle and directs how the proceeds of the sale shall be disbursed. Here again the garagekeeper is given the right to sell without process of law. The word constable is not nor is any word implying constable used anywhere in the section, and a strict interpretation of the section would indicate that no constable could make the sale but such right was explicitly given to the garagekeeper.

There is a provision in this section that out of the proceeds of the sale the expenses of the sale shall be paid and a close study of the section indicates that the only expense would be advertising the date and place of sale as required. There is not even a provision requiring a constable to conduct the sale nor to pay the fees of such constable if he acted at a sale.

4. Constable fees are fixed by statute. Some of the acts providing such fees are: "the District Court act," "the Attachment act," "the act to Regulate Fees," "the Small Cause act," but in each act mentioned the fees are paid by the moving party and each act contemplates legal procedure, and in the course of the litigation, if he is successful, he is entitled to his costs and this by virtue of statutes providing for same. No fees have been fixed for the seizure of cars by constables in the Garagekeepers' Lien act, and as no legal procedure is contemplated on the part of the garagekeeper, such costs cannot be charged to the owner of the car.

5. The legislative intent of the act in question taken as a whole is to give to the garagekeeper a special remedy which may be pursued immediately and without delay, cost or resort to the courts, and nothing can be read into the statute which is not already there in definite terms. No fees are contemplated by the act as are here sought to be recovered and there is no other act by reason of which recovery can be had for such fees. The act contemplates the garagekeeper's detaining, seizing and selling, and not his agent or some other hireling. If the legislature had intended that the owner should be charged with such fees it would in no uncertain terms have fixed the amount thereof and designated who was to be charged with payment thereof, and would have directed what person could detain, seize and sell such motor vehicle on behalf of the garagekeeper. Therefore the constable in this matter acted as the agent of the garagekeeper and there is no legal obligation for the owner of the automobiles to pay his fees.

Judgment for the plaintiff.