PASSAIC DISTRICT COURT.

GEORGE POST, PLAINTIFF, v. MAYNARD LLOYD, DEFENDANT.

Decided February 23, 1935.

For the plaintiff, *Ward & McGinnis.*

For the defendant, *Mortimer L. Mahler.*

PERRETTI, D. C. J. This action is brought to recover damages for the conversion of a Buick automobile.

The undisputed facts are as follows:

The plaintiff was the owner of a Buick automobile which he occasionally loaned to his brother, Richard, for the latter's own pleasure and business; the defendant furnished gasoline and oil at the request of Richard Post for the car in question and two other automobiles occasionally driven by the said Richard Post; as a result of the purchase a garage bill of $24 came into existence; several communications brought both George and Richard Post to the defendant in an effort to adjust the obligation, at which time the plaintiff advised the defendant that he was the owner of the car, that he never ordered the gas and oil, that he never consented to its purchase by his brother, that he did not authorize his brother to make the purchase and that he did not intend to pay.

The defendant, nevertheless, relying upon the act which gives him a lien, seized the automobile.

The act which gives rise to a garage keeper's lien is section 1 of the act entitled "An act for the better protection of garage keepers and automobile repairmen" (*Pamph. L.* 1925, *p.* 96), reads as follows:

"All persons or corporations engaged in the business of keeping a garage or place for the storage, maintenance, keeping or repair of motor vehicles and in connection therewith stores, maintains, keeps or repairs any motor vehicle or furnishes gasoline, accessories or other supplies therefor at the

request or with the consent of the owner or his representative, whether such owner be a conditional vendee or a mortgagor remaining in possession or otherwise, has a lien upon such motor vehicle or any part thereof for the sum due for such storing, maintaining, keeping or repairing of such motor vehicle or for furnishing gasoline, accessories or other supplies therefor, and may without process of law detain such motor vehicle at any time it is lawfully in his possession until such sum is paid; provided, however, that such lien shall not be superior to, nor affect, any lien, title or any interest of any person or corporation held by virtue of a prior conditional sale or of a prior chattel mortgage properly recorded."

The arrangement between the Post brothers was unquestionably a bailment for the benefit of the bailee. No advantage came to the plaintiff that would give rise to any inference that the bailee could pledge the plaintiff's credit; nor was the nature of the bailment such as to imply the responsibility of the bailor for the payment of the debt.

In 6 *C. J.* 1113 we find: "While the authorities are comparatively few in number, the general rule appears to be settled, that in the absence of a statute or express contract, a bailor is responsible for extraordinary repairs, which enure to his benefit, and which were not caused through the fault or neglect of the bailee, and the bailee must bear the expense of repairs, which are ordinary and individual to the use of the thing bailed."

Again in 6 *C. J.* 1147, ¶ 106: "The bailor, as the general owner of the property, may assert his title as against third parties, and may also sue for recovery of damages for any injury by third parties to his reversionary interest."

An outstanding case on bailments in this state is the case of *New York, Lake Erie and Western Railroad Co.* v. *The New Jersey Electric Railway Co.*, 60 *N. J. L.* 338; 38 *Atl. Rep.* 828, and there is found in syllabus 2 and 3 the following:

"One who has a fixed reversionary interest in personal property has the right to sue one who is not in possession thereof for such an injury by him thereto as will depreciate its value when it comes to his hands.

"A bailor, when he makes a bailment for hire—*locotio rei* —parts with the possession to the chattel to the bailee, but if

any permanent injury be done to the chattel by a third party during the continuance of the bailment, he may maintain an action against such third party, whether an action might or might not be maintained against such party by the bailee for trover, trespass or replevin to control the immediate possession."

In the case of *Auto Security Co.* v. *Stewart,* reported in 103 *N. J. L.* 1; 135 *Atl. Rep.* 92, after citing with approval *Stern* v. *Ward,* 94 *N. J. L.* 279; 109 *Atl. Rep.* 566, Chief Justice Gummere, speaking for the court, said:

"The defendant further argues that, even if he did not have a lien for storage under the statute, as construed in *Stern* v. *Ward, supra,* still, he was entitled to a lien for hauling the car to his garage. We consider this claim without merit. The statute does not give to a garage keeper a lien upon a car for the expense incurred by him in hauling it to his garage, unless that be considered a mere incident to the storing of it; and not then, as we have already stated unless the work of hauling is done at the request or with the consent of the owner or his representative."

Counsel for the defendant urging that the garage keeper is entitled to a lien, cites *Keshen* v. *Olsan,* 10 *N. J. Mis. R.* 1301; 163 *Atl. Rep.* 280. This case has no bearing upon the issue except to point out that the act should be strictly construed. In that case Judge LaCorte, of the First District Court of Union county, says:

"The legislative intent of the act in question as a whole is to give to the garage keepers a special remedy, which may be pursued immediately and without delay, cost, or resort to the courts and nothing can be read into the statute, which is not already there in definite terms."

Applying what seems to be the necessary effects of the cases applicable I have concluded that the defendant had no lien under the act.

The testimony of both sides as to the damages were quite at variance; but considering all of it I find that the amount of damage to the plaintiff is one hundred and twenty-five ($125) dollars.

Judgment will therefore be entered in favor of the plaintiff, and against the defendant, for that sum and costs.