No. 14,292.

MOSKO, DOING BUSINESS AS DENVER MOTOR FINANCE
COMPANY *v.* FORSYTHE.
(76 P. [2d] 1106)

Decided February 28, 1938.

Mr. L. E. F. TALKINGTON, for plaintiff in error.

Mr. EARL J. HOWER, for defendant in error.

116

*In Department.*

Mr. Justice Holland delivered the opinion of the court.

The parties hereto appear in this court in the same order as in the trial court and reference will be made to them herein as plaintiff and defendant. Defendant is a minor and appeared by his next friend.

Plaintiff on May 14, 1937, sold an automobile to defendant who at the time was an infant of the age of nineteen years and seven months. There is nothing in the record from which it appears that plaintiff had any knowledge of defendant's infancy. The purchase price of the car was $627.86 including the sales tax. As a payment of $124.86, defendant gave, and plaintiff accepted, a 1929 Ford automobile and $3.00 in cash. Defendant executed and delivered to plaintiff his note and chattel mortgage for the balance of the purchase price, the note being payable in installments of $26.84 each month, beginning June 14, 1937. Defendant paid the June, July and August installments, and prior to the due date of the September installment, and on September 2, 1937, on account of his infancy, rescinded, disaffirmed and repudiated the entire transaction including the note and chattel mortgage and so notified the plaintiff. Defendant claims that he offered to return the automobile delivered to him by plaintiff if plaintiff would restore to him the Ford automobile which defendant had traded in, or its value, together with the three monthly payments made to plaintiff. After demand on defendant for possession, plaintiff filed the complaint in replevin. The complaint is in usual form, the prayer being for possession of the automobile and damages for its unlawful detention, or its value. After a demurrer to this complaint was overruled, defendant answered admitting the transaction as herein set out and his disaffirmance on account of infancy; alleged the note and chattel mortgage would be void on account of such

disaffirmance, and by way of cross-complaint, demanded the return of the Ford automobile which he had delivered to plaintiff, or its value in the sum of $124.86, together with the sum of $80.52 representing the monthly payments made to plaintiff. He further alleged that plaintiff had refused to return said considerations to defendant and that he offers to recover and transfer the automobile in his possession to plaintiff upon being placed in status quo by the latter. Plaintiff's demurrer to this answer was overruled and he elected to stand thereon. Judgment was entered for the defendant and against plaintiff on plaintiff's complaint and for defendant on his cross-complaint in the sum of $208.38, with interest from September 2, 1937. Plaintiff assigns error and seeks a reversal of this judgment.

Plaintiff here contends that the court erred in overruling its demurrer to defendant's answer and in entering judgment against plaintiff on the complaint and for defendant on his cross-complaint, and argues that the sole question now presented is: Can the defendant interpose a counterclaim in a replevin action? Plaintiff relies upon the case of *Mason v. General Machinery and Supply Co.*, 91 Colo. 69, 11 P. (2d) 802, which seems to support his contention. Defendant, however, insists that the matter as presented is not a counterclaim, but a plea to the court to place him in status quo as to the transaction involved in this action. Defendant does not seriously contend that the judgment as entered should stand, and manifestly it was erroneous as entered because it is the equivalent of giving defendant a judgment for possession in addition to a judgment for the return of the consideration paid by him. Plaintiff insists that the defense as interposed is not available in a replevin action, and that defendant, upon avoidance of his contract, should have returned possession of the automobile purchased by him, to plaintiff. Plaintiff seems to contend further that the relative rights of both parties do not enter into the question of the right to possession, which is the only

118

question involved in this action. On this point, we agree with plaintiff and this conclusion requires a reversal of the judgment.

When defendant elected to disaffirm and void the contract, it became invalid ab initio, the parties thereto reverted to the same position as if the contract never had been made, and neither is bound by any part of the contract when once rescinded. The weight of authority clearly seems to be that when the defendant sought to void his contract, then having in his possession the specific property received by him through the transaction, he was required to return same to plaintiff as a prerequisite to such voidance. Before the execution of the contract herein and after defendant's election as to its voidance, plaintiff was the owner of the automobile received by defendant and was entitled to its possession. This was the only question involved in the replevin action upon which a judgment could rest. Plaintiff, either with or without knowledge of defendant's age, in the absence of any representation thereof made by defendant, dealt with the latter at his peril, without ascertaining his age, when the specific property obtained by defendant was not a necessity, and the authorities do not support any contention that an automobile, under the facts here appearing, is a necessity. Upon demand or in a proper action for the return of the consideration, defendant is entitled to recover and the liability of plaintiff attaches. The right of the defendant infant to disaffirm and void his contract is an absolute and paramount right which carries with it the right to be placed in status quo relative thereto.

The judgment is reversed and the cause remanded with directions to vacate and set aside the judgment as entered, and to enter judgment for plaintiff upon his complaint.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE HILLIARD and MR. JUSTICE BAKKE concur.