## No. 15,349.

S. F. BOWSER AND COMPANY *v.* BROWNELL ET AL.,
DOING BUSINESS AS YANKEE CLEANERS.
(159 P. [2d] 572)

Decided May 21, 1945.   Rehearing denied June 11, 1945.

Mr. E. V. HOLLAND, for plaintiff in error.

Mr. O. A. JOHNSON, Mr. JOHN R. WOLFF, for defendants in error.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

DEFENDANTS in error, plaintiffs below, were awarded damages in an action instituted by them against defendant, appearing here as plaintiff in error. Plaintiffs, co-partners doing business as Yankee Cleaners, were conducting a dry cleaning business in Boulder, and defendant was a business concern incorporated under the laws of Indiana, engaged in the manufacture and sale of synthetic cleaning units for washing, drying and cleaning clothes by the dry cleaning method.

April 25, 1939, plaintiffs purchased from defendant a Bowser-Bet-R Way Synthetic Dry Cleaning Unit, at an agreed price of thirty-seven hundred sixty dollars, to be liquidated mostly by deferred payments. The basis of the claim for damages, as alleged, was the failure of the machine to operate. Whether there was such failure, as well as whether the failure was attributable to the defects of the machine, as plaintiffs maintained, or to

the manner in which they operated it, as claimed by defendant, there was conflicting evidence. On consideration thereof, a jury, acting in the light of an unchallenged instruction, resolved in favor of plaintiffs.

After some six months of endeavor to make the machine work, in which plaintiffs and the engineer and other experts of defendant engaged, and failure had resulted, as plaintiffs contended, they refused to make further payments, whereupon defendant demanded possession of the machine, which was refused. Proceeding in the interest of its right of possession, the company then instituted an action in the nature of replevin. In that action plaintiffs, while not denying their defaults, pleaded their alleged losses in manner and sums similarly to those set forth in their present action for damages, and which they sought to have appraised and determined there. On motion interposed by the company in the replevin action, the court held that damages claimed by the defendants were not recoverable in that proceeding, and entered judgment in favor of the company for possession of the machine.

■ The company's first answer to plaintiff's action here, was that the judgment in the replevin action concluded them in the matter of their claim for damages, but the trial court held adversely thereto, determining in effect, that the sum of the judgment in the replevin action was that damages in the nature there claimed, and those now alleged here, were not pertinent to any predicable issue presented, hence had not been adjudicated, and did not constitute a bar to the present action. That the court rightly resolved the point, seems clear. *Mosko v. Forsythe*, 102 Colo. 115, 76 P. (2d) 1106; *Mason v. General M. & S. Co.*, 91 Colo. 69, 11 P (2d) 802. That the question involved here, "was not passed on and decided" in the replevin action, "but was expressly left undetermined" at the instance of defendant, all as we have seen, is not, as we think, without importance. *Johnson v. Johnson*, 20 Colo. 143, 36 Pac. 898.

In the matter of plaintiff's claim for damages, based upon the failure of the machine to operate, an issue determined in their favor as already stated, they alleged expenditures and losses in particulars as follows: Installation, payments made toward the purchase price and freight on the shipment of the machine; rental for additional storeroom required and obtained to house the new machine; expense incurred in processing the work of their customers done at other establishments, made necessary, as said, because of the failure of the new machine to operate; and loss of profits for the period involved. There was credible evidence in support of the several items upon which the claim is based, in the light of which the court, first giving instructions as to the issues, burden of proof, and the like, not in any manner questioned by counsel for either side, gave an instruction numbered 4, in relation to which counsel for defendant did not object, except in circumstances and in the particular which we shall state following the setting out of the instruction, which reads: "The court instructs you, if you find from a preponderance of the evidence, under the instructions of the Court, that the breach or violation of the contract of sale and defendant's implied warranty, if any such has been shown, was the fault or omission of the defendant herein, that under such circumstances, the plaintiffs are entitled to recover for all losses sustained by them, if any, as have been shown by a preponderance of the evidence herein, including the loss of profits, if any, NOT EXCEEDING $1,004.48, that would have been made by the plaintiffs except for such breach or violation of ommission, but all such losses must be reasonable in amount and they must be such as might naturally be expected to follow its violation and they must be certain both in their nature and in respect to the cause from which they proceed, and they must be shown with reasonable certainty and to be the actual, natural and proximate result of the wrong complained of, and the immediate result of the alleged breach. Such losses

should include the sum of $194.25 paid on purchase price to the defendant; $103.00 paid in freight charges on the dry cleaning unit, shipped to the plaintiffs; $376.00 allowed by defendant on plaintiff's contract of purchase, in trade for plaintiffs' dry cleaning equipment turned over to the defendant at the time that said sale was made, if you find and believe from a preponderance of the evidence that such dry cleaning equipment was actually accepted and taken in trade by the defendant; also all expenses, if any, paid out by the plaintiffs in the installation of said machinery for labor, supplies and rent, paid for additional store room, which was necessarily required to install said dry cleaning machine, and unit in plaintiffs' plant, not exceeding the sum of $495.36, also all expenses paid out by plaintiffs during the period of time they were attempting to make said unit operate successfully between the dates July 12, 1939, and January 25, 1940, for labor, materials, power and supplies used, and actually lost in the operation of said unit, not exceeding the sum of $1179.04; and also actual losses, if any, sustained by plaintiffs in contracting out their dry cleaning between July 12, 1939 and February 12, 1940, not exceeding the sum of $506.10."

When the foregoing instruction first was read to the jury, the words and figures therein appearing by interlineation in capitals, written here precisely as in the record, the following occurred: "During the reading of the foregoing instruction, prepared by counsel for plaintiffs, that by inadvertance he had omitted therefrom a statement as to the amount claimed for losses from July 1939 to January 1940, and he now desires the court to insert therein the amount of loss as estimated based on the preceding six months, being the sum of $1004.48, and now requests such amendment be written in by the court, and read to the jury. Mr. Holland: To which request for amendment, the counsel for defendant objects and excepts, stating that it is too indefinite and too remote and speculative. The objection is overruled

by the Court, and the same is written in the instruction and re-read to the jury. To which ruling and re-reading the defendant, by its counsel, then and there duly objected and excepted."

No objection was interposed to the instruction generally, and in particular only to the extent above noted. The point was not presented in defendant's motion for new trial, and the contention that the court erred in the matter is not supported by authorities. The only effect of the interlineation was to place a limit beyond which loss of profits might not be recovered. In style in that regard, the amendment conformed to the instruction as given in relation to other subdivisions of claimed damages, concerning which no objection was made.

■ As to the point "that the verdict is against the evidence," we observe that the record in that regard has not been abstracted. We have examined it nevertheless, and as to some of its items the jury, as we think, might have found for defendant, and as to some others the appraisement consistently might have been in lesser sums; still, the over-all situation considered, and the functions of juries respected, we are not convinced that justification would attend the disturbance of the verdict on the ground specified.

Plaintiff in error asserts that "the judgment is the result of bias and prejudice on the part of the jury which it would seem has favored a fellow townsman, as against a wealthy foreign corporation." Our attention has not been called to any showing made in support thereof, and our study of the record reveals nothing of that nature.

Specifications not discussed have had our attention, and are believed to be without merit.

Let the judgment be affirmed.