No. 19,042.

ASA L. FELLOWS *v.* MRS. PAUL N. CANTRELL, ETC.
(352 P. [2d] 289)

Decided May 16, 1960.

Messrs. HARDESTY & JUHAN, Mr. ALDO G. NATORIANNI, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

Mr. Justice Knauss delivered the opinion of the Court.

The parties to this writ of error are here in the same order in which they appeared in the trial court and will be referred to as plaintiff and defendant.

Plaintiff sought to recover the sum of $1030.00 alleging that he "lent to the defendant at her request at different times * * * sums of money amounting in the aggregate to $1070.00, which the defendant promised to pay on demand; that the plaintiff duly demanded payment of the same * * *; that the sum of $40.00 was paid * * *, leaving a balance of $1030.00 still owing by the defendant."

Defendant answered denying the allegations of the complaint and by way of affirmative defense alleged that defendant was at all times material hereto, a minor under the age of 21 years.

Trial was to the court and at the conclusion of all evidence the court remarked:

"There is a question in the Court's mind as to whether or not there ever has been a disavowance of this contract to today as the case is postured. * * * I am not satisfied that she has of today disavowed this contract and I am not satisfied that she has affirmed it as of today."

Thereafter the court entered judgment for defendant and plaintiff is here by writ of error. The important questions to be determined are: 1. Was defendant under a duty to disaffirm the contract within a reasonable time after attaining her majority? And 2. Did defendant affirm the contract after attaining her majority?

The record discloses the following uncontroverted facts: The parties had lived on adjoining farms in Iowa

until 1943 when defendant and her mother moved to Denver. In 1949 when defendant was 17 years of age, she made a trip back to Iowa and disclosed to plaintiff her desire to attain a college education. Plaintiff testified that he promised he would finance a two-year college course and that she in turn promised to repay the amounts advanced. The money was advanced upon written requests from defendant as appears from the numerous letters which form a part of the record herein. It is undisputed that plaintiff loaned defendant a total of $1070.00. In June 1951 defendant wrote plaintiff informing him that she intended to be married in July of 1951 and that she would discharge the indebtedness. In November 1951, following defendant's marriage she wrote plaintiff that she was having financial troubles and enclosed a check for $40.00. After defendant became 21 years of age in 1952, plaintiff made numerous demands on her for repayment of the loans. Defendant failed to answer his communications. In October 1957, some five years after defendant attained her majority, plaintiff came to Colorado and visited defendant and sought repayment of the loan. It is undisputed that defendant at that time acknowledged the debt. Later that month defendant wrote a letter to plaintiff stating: "I have discussed your proposal with close members of the family and an attorney. They seem to feel that our future is not secure enough for us to sign any kind of a note."

It is manifest that defendant did not disaffirm her promise to repay within a reasonable time after reaching her majority. Quite the contrary, all her actions point to affirmance, and five years after she became 21 years of age she acknowledged the debt. That fact amply appears from the following colloquy in the record:

"THE COURT: Well there was an offer and an acceptance and a consideration. He offered to advance the money to finance her education. She accepted it, and consideration was paid over by him to her. She acknowl-

edged it in various writings. She never disavowed it and doesn't to this day disavow it. MR. TURRE (Attorney for defendant): No, she doesn't. THE COURT: Then what is this lawsuit about? MR. TURRE: She will be glad to pay when she is able."

The general rule is succinctly stated in *Dixon National Bank of Dixon v. Neal,* 5 Ill. (2d) 328, 125 N.E. (2d) 463, as follows:

"It is well established that contracts of minors which inure to their benefit are not void, but voidable only at the election of the minor on arrival at maturity. (Citations.) A minor may disaffirm a contract made by him during minority within a reasonable time after reaching majority or, he may by acts recognizing the contract after becoming of legal age, ratify it. (Citations.) Similarly it is held that an executed contract voidable on the ground of infancy is deemed to be ratified by the failure of the former infant to disaffirm it within a reasonable time after reaching majority. (Citations.)"

See *Doenges-Long Motors v. Gillen,* 138 Colo. 31, 328 P. (2d) 1077. See also cases collected in annotation in 5 A.L.R. (2d) 7.

In the present case defendant not only failed to disaffirm the contract within a reasonable time after reaching her majority, but five years after becoming 21 years of age she expressly ratified and acknowledged the obligation.

The judgment is accordingly reversed and the cause remanded with directions to enter judgment for plaintiff in the sum of $1030.00.