No. 21987.

Dan M. Keser, individually and d/b/a King Auto Sales
*v.* Frederick E. Chagnon.
(410 P.2d 637)

Decided February 7, 1966.

210

Strand, Holst & Hilbert, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

Mr. Justice McWilliams delivered the opinion of the Court.

THIS writ of error concerns the purchase of an automobile by a minor and his efforts to thereafter avoid the contract of purchase. The salient facts are as follows:

1. on June 11, 1964 Chagnon bought a 1959 Edsel from Keser for the sum of $1025, payment therefor being in cash which Chagnon obtained by borrowing a portion of the purchase price from the Cash Credit Company on a signature note, with the balance of the money being obtained from the Public Finance Corporation, the latter loan being secured by a chattel mortgage upon the automobile;

2. as of June 11, 1964 Chagnon was a minor of the age of twenty years, ten months and twenty days, although despite this fact Chagnon nonetheless falsely advised Keser that he was then over the age of twenty-one; and

3. on about September 25, 1964, when Chagnon was then of the age of twenty-one years, two months and four days, Chagnon formally advised Keser of his desire to disaffirm the contract theretofore entered into by the parties, and thereafter on October 5, 1964 Chagnon returned the Edsel to Keser.

Based on this sequence of events Chagnon brought an action against Keser wherein he sought to recover the $1025 which he had allegedly theretofore paid Keser for the Edsel. By answer Keser alleged, among other things, that he had suffered damage as the direct result of Chagnon's false representation as to his age.

A trial was had to the court, sitting without a jury, all of which culminated in a judgment in favor of Chagnon against Keser in the sum of $655.78. This particular sum was arrived at by the trial court in the following manner: the trial court found that Chagnon initially purchased the Edsel for the sum of $995 (not $1025) and that he was entitled to the return of his $995; and then by way of set-off the trial court subtracted from the $995 the sum of $339.22, this latter sum apparently representing the difference between the pur-

chase price paid for the vehicle and the reasonable value of the Edsel on October 5, 1964, which was the date when the Edsel was returned to Keser. By writ of error Keser now seeks reversal of this judgment.

In this court Keser summarizes his argument as follows:

1. Chagnon's attempted disaffirmance was ineffective because though he returned the automobile, he nonetheless failed to also return the certificate of title thereto which was then and there in the possession of the Public Finance Corporation;

2. Chagnon in reality ratified the contract because he failed to disaffirm within a reasonable time after reaching his majority and for such length of time retained possession of the Edsel; and

3. in connection with Keser's set-off the trial court erred in its determination of Keser's damages resulting from Chagnon's false representation as to his age.

■■ Before considering each of these several matters, it is deemed helpful to allude briefly to some of the general principles pertaining to the longstanding policy of the law to protect a minor from at least some of his childish foibles by affording him the right, under certain circumstances, to avoid his contract, not only during his minority but also within a reasonable time after reaching his majority. In *Mosko v. Forsythe*, 102 Colo. 115, 76 P.2d 1106, we held that when a minor elects to disaffirm and avoid his contract, the "contract" becomes invalid ab initio and that the parties thereto then revert to the same position as if the contract had never been made. In that case we went on to declare that when a minor thus sought to avoid his contract and had in his possession the specific property received by him in the transaction, he was in such circumstance required to return the same as a prerequisite to any avoidance.

In 43 C.J.S. at page 171 it is said that a minor failing to disaffirm within a "reasonable time" after reaching

his majority loses the right to do so and that just what constitutes a "reasonable time" is ordinarily a question of fact. As regards the necessity for restoration of consideration, in 43 C.J.S. at page 174 it is stated that the minor after disaffirming is "usually required . . . . to return the consideration, if he can, or the part remaining in his possession or control."

Finally, we believe that *Doenges-Long Motors, Inc. v. Gillen,* 138 Colo. 31, 328 P.2d 1077 answers most of the matters sought to be raised here by Keser. In that case it was held that the right of an infant to disaffirm his contract is absolute and is not lost by reason of the fact that the infant induced the making of the contract by a deliberate misrepresentation of his age. However, in that case it was also held that even though an infant has the right to disaffirm his contract, if he falsely represents his age and as a result thereof obtains an automobile, he is at the same time answerable to the seller for his tort. In other words, though the seller is required to return to the infant that which he, the seller, received in exchange for the automobile, the seller is entitled to set-off against such sum any damage sustained by him as a result of the infant's false representation as to his age. And in this regard the measure of damage was declared to be the difference between the reasonable value of the automobile at the time of its sale and delivery and its reasonable value at the time of its return.

Proceeding, then, to a consideration of those matters which Keser now contends require a reversal of this case, it is first urged that Chagnon's attempted disaffirmance is ineffective because, although Chagnon did return the Edsel to Keser, he did not at the same time return the certificate of ownership thereto, which certificate was then in possession of the Public Finance Corporation. And needless to say, Public Finance Corporation was not about to voluntarily give up the certificate of title! This contention, however, is without merit.

It is true that *Mosko v. Forsythe, supra,* holds that a prerequisite to the avoidance of an executed contract by a minor is that if he then has in his possession the property which he received in the transaction, he must return the same. All that is required in this regard, however, is that the disaffirming party return only those fruits of his contract which are then in his possession and if for any reason he cannot thus place the other party in status quo, he does not because of such inability lose his right to disaffirm. To hold otherwise would strike at the very root of the well-settled principle that, with certain exceptions which are not applicable to the instant controversy, he who deals with a minor does so at his own peril and with the attendant risk that the minor may at his election disaffirm the transaction because of his minority. *Weathers v. Owen,* 78 Ga. App. 505, 51 S.E.2d 584 presents a factual situation most analogous to the instant one. See also *Dawson v. Fox,* 64 A.2d 162, (D.C. Mun. App.); and *Freiburghaus v. Herman,* 102 S.W.2d 743, (Mo. App.). In the instant case Chagnon returned to Keser all of the fruits of the transaction which were then in his possession or under his control, *i.e.,* the Edsel. The fact that the Public Finance Corporation held the certificate of title and would not deliver it over to either Chagnon or Keser does not defeat Chagnon's right to disaffirm.

Keser's next contention that Chagnon upon attaining his majority ratified the contract by his failure to disaffirm within a reasonable time after becoming twenty-one and by his retention and use of the Edsel prior to its return to the seller is equally untenable. In this connection it is pointed out that Chagnon did not notify Keser of his desire to disaffirm until 66 days after he became twenty-one and that he did not return the Edsel until 10 days after his notice to disaffirm, during all of which time Chagnon had the possession and use of the vehicle in question. As already noted, when an infant attains his majority he has a reasonable

time within which he may thereafter disaffirm a contract entered into during his minority. And this rule is not as strict where, as here, we are dealing with an executed contract. There is no hard and fast rule as to just what constitutes a "reasonable" time within which the infant may disaffirm. In *Fellows v. Cantrell,* 143 Colo. 126, 352 P.2d 289 we held that the failure to disaffirm for a period of five years after a minor reached his majority, together with other acts recognizing the validity of the contract, constituted ratification. In *Merchants' Credit Union v. Ariyama,* 64 Utah 364, 230 Pac. 1017 disaffirmance four months after reaching majority was held to be within a reasonable time. Similarly, in *Haines v. Fitzgerald,* 108 Pa. Super. 290, 165 Atl. 52, three months was held to be a reasonable time within which to disaffirm; and in *Adamroski v. Curtis-Wright,* 300 Mass. 281, 15 N.E.2d 467 "nearly a year" was also held to be "reasonable." Suffice it to say, that under the circumstances disclosed by the record we are not prepared to hold that as a matter of law Chagnon ratified the contract either by his actions or by his alleged failure to disaffirm within a reasonable time after reaching his majority. In other words, there is competent evidence to support the conclusion of the trial court that Chagnon disaffirmed the contract within a reasonable time after reaching his majority and such finding of fact cannot be disturbed by us on review.

Finally, error is predicated upon the trial court's finding in connection with Keser's set-off for the damage occasioned him by Chagnon's admitted false representation of his age. In this regard the trial court apparently found that the reasonable value of the Edsel when it was returned to Keser by Chagnon was $655.78, and accordingly went on to allow Keser a set-off in the amount of $339.22, this latter sum representing the difference between the purchase price, $995, and the value of the vehicle on the date it was returned. Finding, then, that Chagnon was entitled to the return of

the $995 which he had theretofore paid Keser for the Edsel, the trial court then subtracted therefrom Keser's set-off in the amount of $339.22, and accordingly entered judgment for Chagnon against Keser in the sum of $655.78. Whether it was by accident or design we know not, but $655.78 is apparently the exact amount which Chagnon "owed" the Public Finance Corporation on his note with that company.

In this regard as concerns his set-off Keser complains that the trial court did not follow the rule regarding the measure of damages as laid down in *Doenges-Long v. Gillen, supra.* More particularly, Keser claims that there is no evidence which supports the trial court's finding that the value of the automobile on the date it was returned to Keser was $655.78. The evidence as to the value of the Edsel on the date Chagnon returned it to Keser was as follows:

1. Chagnon said the car was worth more when he returned it than when he bought it;

2. an expert called by Keser opined that the car was worth $245; and

3. Keser testified that if he had a clear title to the vehicle it had a reasonable value of $395.

Based on this evidence the trial court found that the reasonable value of the automobile on the date of its return to Keser was $655.78, which determination from the arithmetical standpoint, at least, permitted the trial court to then enter judgment in favor of Chagnon in an amount equal to the balance then due and owing the Public Finance Corporation. Without belaboring the point, it is apparent that in its determination of the reasonable value of the Edsel on the date of its return to Keser, the trial court was influenced by factors other than the evidence before it as to such value.

The judgment is reversed and the cause remanded with direction that the trial court determine Keser's set-off in accord with the rule in *Doenges-Long v. Gillen, supra,* and once this set-off has been thus determined,

to then enter judgment for Chagnon in amount equal to the difference between $995 and the amount of such set-off.

MR. JUSTICE SCHAUER not participating.