472 P.2d 735 (1970)
GENERAL MACHINERY & SUPPLY CO., a Colorado corporation, and Charles Ginsberg, Plaintiffs in Error,
v.
NATIONAL ACCEPTANCE COMPANY, a co-partnership, and National Acceptance Company, a Colorado corporation, Defendants in Error.
No. 70-261. (Supreme Court No. 23602.)
Colorado Court of Appeals, Div. I.
June 30, 1970.
*736 Edward B. Almon, Denver, for plaintiffs in error.
Harry Sobol and Bernard Sobol, Denver, for defendants in error.
Not Selected for Official Publication.
DUFFORD, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and was subsequently transferred to the Court of Appeals under the authority vested in the Supreme Court.
The essential question raised by this appeal is whether General Machinery & Supply Co., and Charles Ginsberg are relieved from the obligation to pay certain sums which they agreed to pay National Acceptance Company, a copartnership, under the terms of a written contract executed July 1, 1962 by General Machinery through its president, Charles Ginsberg, and National Acceptance, a partnership, acting through its general and adult partner. Basically that contract provided that General Machinery would pay to National Acceptance a sum equal to its entire investment in certain heavy machinery acquired by National Acceptance through foreclosure. Additionally, it was agreed that National Acceptance was to be paid a guaranteed profit of ten per cent of such amount. Such contract contemplated that the amounts payable to National Acceptance would be obtained by General Machinery from the sale at public auction of the heavy machinery owned by National Acceptance. Ginsberg personally guaranteed the performance of all of the commitments assumed by General Machinery in the agreement. Under the terms of the July 1, 1962 contract General Machinery agreed to secure fire insurance covering the equipment which was to be sold, and such insurance was in fact obtained.
The parties entered into performance of the agreement. The auction sale was held for one day, and that night a fire occurred at the place of sale. As a result of such fire some of the equipment was destroyed and much was only damaged. Subsequently, *737 an insurance award for the destroyed and damaged equipment was paid to and retained by General Machinery and Ginsberg. Additionally, these parties retained all of the proceeds derived from the first day of the auction sale. The parties then entered into a subsequent agreement whereby General Machinery agreed to continue its efforts to sell the unsold and damaged equipment at a different location and to pay National Acceptance fifteen per cent of the gross sales proceeds. Under the terms of this agreement it was specifically agreed that Ginsberg's guarantee of the July 1, 1962 agreement would continue in full force and effect.
In this appeal General Machinery and Ginsberg claim that because the equipment which was the subject of the July 1, 1962 agreement was either destroyed or damaged by the fire which occurred after the first day of sale neither General Machinery nor Ginsberg is obligated to make any payments to National Acceptance under the terms of that agreement. They, in effect, contend that their only obligations to National Acceptance are those which were created by the provisions of the contract signed by the parties after the fire and which related to sale procedures for the damaged equipment. Their argument in this respect is based upon the theory that the fire rendered their performance of the July 1, 1962 agreement impossible. They also contend that in no event can National Acceptance, the partnership, nor its successor corporation, enforce the July 1, 1962 agreement because certain of the National Acceptance partnership members were minors. Lastly, they urge that the trial court should have awarded them a rental for the building they controlled and in which the equipment in question was placed after the fire.
Upon review of the record in this case, it is our opinion that the extremely complete findings of fact, conclusions of law and the judgment entered herein by the trial court are without error. In our opinion the construction of the contractual provisions between these parties which the trial court made or implied in its findings is the only one which could have been made.
The arguments of appellants with respect to the impossibility of performance and the failure of the trial court to credit them with rental for the building in which the equipment was stored for a time overlook the express provisions of the contracts. In the July 1 agreement the appellants expressly guaranteed to National Acceptance the return of its investment plus a ten per cent profit. The risk of loss due to fire was expressly assumed and insured against by appellants. The agreement between the parties which was executed after the fire expressly reaffirmed the terms of the July 1 agreement and did not impose any charges for storage rentals at appellants' building.
There is also no merit in appellants' argument that the contractual acts of the National Acceptance partnership, including the contract of July 1, were invalid and unenforceable because of the minority status of certain members of that partnership. In this jurisdiction contracts by infants are voidable, but not void. Fellows v. Cantrell, 143 Colo. 126, 352 P.2d 289. A contract made by a partnership which has an infant member cannot be disaffirmed by a third party on the ground of that member's infancy even though the infant member might disaffirm such contract to the extent of his personal liability thereon. 42 Am.Jur.2d, Infants, § 80.
Judgment of the trial court is affirmed.
DWYER and ENOCH, JJ., concur.