582 P.2d 1057 (1978)
William Michael JONES, Plaintiff-Appellant,
v.
Cecil D. DRESSEL, Zita A. Dressel, Robert L. Clark, Flightcraft, Inc., and Free Flight Sport Aviation, Inc., Defendants-Appellees.
No. 77-070.
Colorado Court of Appeals, Div. I.
March 16, 1978.
Rehearing Denied April 13, 1978.
Certiorari Granted August 14, 1978.
*1058 L. B. Ullstrom, Edward J. Rau, Denver, for plaintiff-appellant.
Weller, Friedrich, Hickisch & Hazlitt, Donald Lawrence, Jr., Paul D. Renner, Denver, for defendants-appellees, Cecil D. Dressel, Zita A. Dressel and Flightcraft, Inc.
SILVERSTEIN, Chief Judge.
Plaintiff sued to recover damages for personal injuries suffered in an airplane crash. He alleged that defendants were guilty of negligence and of malicious, oppressive, wilful and wanton misconduct. Defendants moved for a summary judgment of dismissal. The trial court granted the motion as to the negligence claim only, determined there was no just reason for delay, and directed entry of a judgment dismissing the negligence claim pursuant to C.R.C.P. 54(b). Plaintiff appeals from that judgment. We affirm.
The facts pertinent to this appeal are not in dispute. Plaintiff, then seventeen years old, entered into a contract with defendant, Free Flight Sport Aviation, Inc., under which Free Flight provided facilities for free-flight, or parachute jumping. Ten months after plaintiff's eighteenth birthday, a plane furnished by Free Flight crashed while carrying plaintiff and others preparatory to a parachute jump, causing the injuries to the plaintiff. The other defendants were owners or operators of the plane, acting as agents or employees of Free Flight Sport Aviation, Inc.
In granting the summary judgment the court relied on provisions of the contract, under which plaintiff exempted and released Free Flight, "its owners, officers, agents, servants, employees, and lessors from any and all liability [resulting from negligence and] . . . arising out of any damage, loss or injury to [plaintiff]. . . while upon the . . . aircraft of [Free Flight] or while participating in any of the activities contemplated by this agreement . . ." The contract also contained a covenant not to sue for such injuries.
Plaintiff contends the trial court erred because the contract is void, and, even if not void, the event was not within the scope of the release.

I.
It is well settled in Colorado that a contract entered into by a minor is not void but only voidable by the minor. Fellows v. Cantrell, 143 Colo. 126, 352 P.2d 289 (1960). Affirmance is not merely a matter of intent; it may be determined by the actions of a minor who accepts the benefits of a contract after reaching the age of majority, or by his silence or acquiescence in the contract for a considerable length of time. Fellows v. Cantrell, supra. Furthermore, § 13-22-101(1), C.R.S. 1973, states that "every person, otherwise competent, shall be deemed to be of full age at the age of eighteen years or older for the following specific purposes: (a) To enter into any legal contractual obligation and to be legally bound thereby to the full extent as any other adult person; . . ."
Thus, on reaching the age of eighteen plaintiff was required either to disaffirm the contract within a reasonable time, or be bound thereby. See Keser v. Chagnon, 159 Colo. 209, 410 P.2d 637. And, the undisputed facts establish that, after turning eighteen, plaintiff not only did not disaffirm the contract, but instead ratified it by accepting the benefits thereof. Hence, his being a minor when he entered the contract is without significance as to its present enforceability against him.

II.
Plaintiff also argues that the exculpatory provision of the agreement is void *1059 because it is an adhesion contract and lacked consideration. In support of this allegation plaintiff states that he would not have been allowed to participate in the parachute jumping activities if he had not signed the contract, and that there was no contemporaneous passing of consideration. However, plaintiff has alleged no fraud, coercion, or imposition, stated in Sedalia Land Co. v. Robinson Brick & Tile Co., 28 Colo.App. 550, 475 P.2d 351 (1970), as being necessary to relieve a party to a contract of its consequences. Nor do the facts establish a great disparity of bargaining power, or that the desired services could not be obtained elsewhere, both of which must be present to establish an adhesion contract. See Clinic Masters, Inc. v. District Court, Colo., 556 P.2d 473 (1976). Although the terms of the contract may be favorable to the defendants, it was not essential that plaintiff pursue his interest in sky diving or that he pursue it with a particular air service.
There is no merit to plaintiff's claim that the contract lacked consideration. The promise of one party is consideration for the promise of the other. United Press International v. Sentinel Publishing Co., 166 Colo. 47, 441 P.2d 316 (1968); see Oldis v. Grosse-Rhode, 35 Colo.App. 46, 528 P.2d 944 (1974).
Finally, plaintiff contends the contract is void as being contrary to public policy. This issue, as applied to the facts in this case, was determined in Barker v. Colorado Region-Sports Car Club of America, Inc., 35 Colo.App. 73, 532 P.2d 372 (1975), which held that "Colorado follows the general rule that, in the absence of a duty to the public, exculpatory agreements are valid when fairly made and may be enforced to preclude recovery for injury caused by simple negligence." Thus, the trial court's determination was proper.

III.
Likewise, we find no merit in plaintiff's argument that the event was not within the scope of the release. The contract specifically covers injury while in an airplane provided by Free Flight, and the use of an airplane was clearly within the "activities contemplated" by the agreement. The agreement is express and unequivocal, and is binding on the parties. See Threadgill v. Peabody Coal Co., 34 Colo.App. 203, 526 P.2d 676 (1974).

IV.
The fact that the airplane was licensed under regulations promulgated under the Federal Aviation Act of 1958 (49 U.S.C. § 1301 et seq.) is not significant here, since state law "has predominated the law of tort." Rosdail v. Western Aviation, Inc., 297 F.Supp. 681 (D.Colo.1969).
Judgment affirmed.
COYTE and PIERCE, JJ., concur.